(93 South. 618)

### FLEMING v. McDADE.   (3 Div. 541.)

(Supreme Court of Alabama.   June 8, 1922.)

**1. Mechanics' liens ⬅157(3)—Intentional misstatement of account in excess of what is due vitiates lien.**

In view of Code 1907, § 4758, requiring a lien claimant to file a sworn statement containing a just and true account, after all credits have been given, an intentional misstatement in excess of what is just and true, made to increase the amount, is a fraud in law, and vitiates the entire lien.

**2. Mechanics' liens ⬅157(1) — Provision of Code that no "error" in amount of demand shall affect the lien means honest mistake only.**

Code 1907, § 4758, providing that no error in the amount of the demand in the statement shall affect the lien, means merely an inadvertent or honest mistake, and not a willfully false claim.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Error.]

**3. Mechanics' liens ⬅279—Burden on debtor to show amount claimed in lien willfully increased.**

A willful intention to claim for an item known not to have been furnished or for an amount known to be in excess of what is justly due will not be presumed, and the burden is on the debtor to show the evil intent.

**4. Mechanics' liens ⬅157(3) — Overcharges willfully made vitiate whole lien.**

Overcharges in a statement of mechanic's and materialman's lien held to have been willfully made, vitiating the lien.

**5. Equity ⬅65(2) — Relief denied to party without clean hands.**

In a suit to enforce a lien and for specific performance of a contract for a second mortgage on other property, where evidence showed willful overcharges in the statement of lien, equity, on the principle of unclean hands, will deny not only the assertion of the lien, but also the specific performance.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill to enforce lien by S. K. Fleming against Sam McDade. From a decree for respondent complainant appeals. Modified and affirmed.

The complainant, Fleming, filed his bill of complaint against the respondent, McDade, for the enforcement of a mechanic's and materialman's lien on a house and lot in Montgomery for an alleged balance of $4,215, due to complainant under a contract by which Fleming undertook to build a one-story bungalow, for McDade, according to plans and specifications prepared by the former and accepted by the latter, "at cost plus 15 per cent." The bill prays also for a decree compelling McDade to execute to complainant a second mortgage on certain other property owned by him, to secure the alleged balance due, pursuant to a provision of the contract, as construed by complainant.

The answer admits the construction of the house by complainant under the written contract exhibited by the bill, but alleges that respondent was induced to make said contract by complainant's written estimate that the cost of the building would not exceed $4,564; that, when it was finished, a bill was presented for $8,715, of which respondent has paid $4,500; that, instead of charging him at the cost of labor and materials, plus 15 per cent., complainant fraudulently charged respondent greatly excessive prices therefor, fraudulently including many things which were not used in the construction of the building; that he negligently failed to give said work the attention it required, and did not exercise due diligence in the performance of his duties under the contract; and that, on account of those things, respondent does not owe complainant any balance after said payment of $4,500.

On the final submission of the cause the court decreed that complainant is not entitled to any lien or mortgage as claimed; that respondent is not indebted to complainant in any sum; and that the bill of complaint be dismissed.

The appeal is from that decree.

Walton H. Hill and Ball & Beckwith, all of Montgomery, for appellant.

The fact that the statement filed was for a larger amount than was found by the court to be due does not destroy the lien. 139 Ala. 250, 36 South. 618; 195 Ala. 608, 71 South. 413.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

Every presumption is in favor of the correctness of the decision of the trial court. 4 C. J. 663; 2 R. C. L. 219; 203 Ala. 548, 84 South. 270; 199 Ala. 152, 74 South. 62; 200 Ala. 574, 76 South. 932; 86 South. 646. If the complainant filed his claim of lien for an amount which he knew to be excessive, he is not entitled to any lien for any amount. 79 Ala. 156; 139 Ala. 250, 36 South. 618; 195 Ala. 608, 71 South. 413; Code 1907, § 4758.

SOMERVILLE, J.   Complainant's right to maintain this bill in equity depends upon his establishment of a debt for which he has a statutory mechanic's and materialman's lien, or upon his right, under the contract exhibited, to have an equitable mortgage declared as prayed.

[1] Our statute (Code, § 4758) requires a lien claimant to file in the probate office a sworn statement "containing a just and true

account of the demand secured by the lien, after all the just credits have been given"; and our decisions have recognized the principle that an intentional misstatement of the account in excess of what is just and true, made for the purpose of increasing the amount of the lien, is a fraud in law, and will vitiate the entire lien. Lane & Bodley Co. v. Jones, 79 Ala. 156, 163; Jefferson, etc., Co. v. Peebles, 195 Ala. 608, 613, 71 South. 413.

[2] In Ala. & Ga. Lbr. Co. v. Tisdale, 139 Ala. 250, 257, 36 South. 618, there is to be found a query whether the present statute was intended to prevent the destruction of the lien, as held in Lane & Bodley Co. v. Jones, supra, under the statute then in force, as to which no opinion was expressed. We are clearly of the opinion, however, that the principle announced in the older case has been in no wise affected by the provision of the present statute that "no error in the amount of the demand, * * *, shall affect the lien"; for this means merely an inadvertent or honest mistake, and not a willfully false claim.

[3] Of course, on general principles, a willful intention to claim for an item known to have not been furnished, or for an amount known to be in excess of what is justly due, will not be presumed, and the burden is on the debtor to show the evil intent. Ala. & Ga. Lbr. Co. v. Tisdale, supra, 139 Ala. 256, 36 South. 618.

[4] From a very careful examination of the testimony, which is quite voluminous, we are forced to conclude that the sworn statement of the account filed by complainant contains a number of overcharges, and we cannot escape the conviction that, as to some of these items, the overcharges were willfully made with the knowledge that they were not just and true. We refer especially to the items of bricklaying, framing and sheathing material, and carpenter's work, the labor of the plumber, Calahan, and the charge for repainting the bath room. An analysis of the testimony leading to this conclusion would unprofitably extend this opinion, and a summary statement must suffice. These overcharges, willfully made, must be held to work a vitiation of the lien. This seems to have been the view taken by the trial court; and, since the witnesses were heard by the judge viva voce, and there was ample evidence, notwithstanding its conflicting tendencies, to support the conclusion of excessive charges willfully made, we would not disturb the finding even if we were inclined to take a different view.

[5] That conclusion is of course fatal to complainant's right to any relief in a court of equity, on the principle of unclean hands, and must result in a denial not only of his assertion of a lien, but also of his prayer for specific enforcement of the stipulation for mortgage security for any balance due. This requires the dismissal of the bill of complaint, without regard to the existence vel non of any balance due to complainant, as to which he will be remitted to his action at law, and the dismissal will be without prejudice as to such an action.

To that extent only the decree of the circuit court in equity will be modified, and as thus modified it will be affirmed.

Modified and affirmed at appellant's cost.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.