(124 So. 858)

## BECKER ROOFING CO. v. WYSINGER et al.
### (7 Div. 891.)

Supreme Court of Alabama.    Oct. 24, 1929.

Rehearing Denied Dec. 19, 1929.

Chas. F. Douglass, of Anniston, for appellant.

Young & Longshore, of Anniston, for appellees.

THOMAS, J. This appeal is from a decree on demurrer. It involves the construction of section 8833, Code of 1923.

Appellant is a roofing company, and at a charge of $285—$15 of which has been paid—it placed a roof on the dwelling of defendant Wysinger. At the time this was done there were three existing and recorded mortgages against the property, given by Wysinger in favor of the co-respondents; one to Mrs. Annie L. Blackwell, one to the City Bank &

Trust Company, and one executed to J. D. Bibb, but transferred to, and now owned by, the City Bank & Trust Company. None of the mortgages is due by the terms. The mortgagor, Wysinger, was adjudicated a bankrupt March 1, 1929. These facts are set out in the bill as last amended and to which demurrer was sustained at the insistence of the several defendants.

The contract for roofing was made June 10, 1928, subsequent to said mortgages. The original bill was filed October 24, 1928. The last amendment is in the nature of a substituted bill, and upon this appellant is relying.

An important question to be determined is whether or not a mechanic and materialman repairing a building under an existing and recorded mortgage, under contract with the mortgagor, and without the knowledge and consent of the mortgagee, has a lien superior to the mortgage to the extent of the added value? Appellant contends that it has such superior lien. In paragraph ten of the bill as last amended are the following averments:

"Complainant avers that the improvement it made upon the dwelling of said Will Wysinger as herein shown, to-wit: the installation of a roof on said dwelling, has increased the market value of the entire property above described, that is the dwelling and the lot upon which it is situated, to the extent of $270; that with this improvement said property was given a market value this much above what it had before the addition of said improvement; that if the mortgages herein set out are of force, the lien of complainant upon said entire property is superior to that of said mortgage to the extent of said added value, as herein shown."

Appellant asserts (in paragraph 11) that, if it is mistaken as to its superior rights as set out in paragraph 10, as to the land, it has a superior lien upon the building repaired. This superior right or lien is directly contested by demurrer of mortgagees.

The prayer is for sale to enforce the lien, or for receiver to hold the property until appellant is paid, and for general relief. The demurrers were sustained to the bill at the instance of each defendant. From this ruling the appeal is taken.

The demurrer of Wysinger sets up only the ground "that the said bill does not contain equity." As to sustaining this ground of demurrer, there was error. Complainant may establish his lien as against Wysinger, and sell his equity of redemption in the land. Jackson v. Farley, 212 Ala. 594, 103 So. 882; Vesuvius Lumber Co. v. Alabama Co., 203 Ala. 93, 82 So. 107; Pilcher v. Porter, 208 Ala. 202, 94 So. 72; Sturdavant v. Coal Co., 219 Ala. 303, 122 So. 178; Enslen v. Wheeler, 98 Ala. 200, 206, 13 So. 473. The City Bank & Trust Company and Mrs. Blackwell demur separately,

but set out the same and many other grounds. Said last named demurrants contend that Wysinger has only an equity of redemption; that they have the legal title, evidenced by the recorded mortgages; that appellant's claim or lien is that for inseparable repairs made under contract with the mortgagor on the building subject to said mortgages, and such claim or lien charge takes a place subordinate to the mortgages. The contention is further made by demurrants that appellant can in no event sell the property before the law day of the mortgages.

The assignments of error are that the court erred in sustaining demurrer of appellee Will Wysinger; in sustaining demurrer of appellee City Bank & Trust Company; in sustaining demurrer of appellee Mrs. Annie L. Blackwell; and in the decree it rendered on demurrers to the bill as amended.

■ When material and labor are furnished in the repair and betterment of a building in such way as to increase the value of the entire property, subject to prior mortgages, (1) does the statute give a lien on the entire property which, to the extent of the added value, is superior to the lien of the existing recorded mortgage? (2) and may that lien be enforced by a sale of the property before the maturity of the mortgage? (3) or may the property be held by the receiver until the net rents have discharged the claim for repair? In section 8833, Code of 1923, are the provisions:

"Such lien, as to the land, shall have priority over all other liens, mortgages, or incumbrances created subsequently to the commencement of the work on the building or improvement; and, as to the building or improvement, it shall have priority over all other liens, mortgages, or incumbrances, whether existing at the time of the commencement of such work, or subsequently created; and the person entitled to such lien may, when there is a prior lien, mortgage, or incumbrance on the land, have it enforced by a sale of the building or improvement under the provisions of this article, and the purchaser may, within a reasonable time thereafter, remove the same." Jefferson County Savings Bank v. Ben F. Barbour Plumbing & Electric Co., 191 Ala. 238, 68 So. 43; Magnolia Land Co. v. Malone Investment Co., 202 Ala. 157, 79 So. 641.

This, and like statutes in preceding Codes, are from the Act of 1875–76, p. 165, § 3, giving preference to mechanic's lien over other liens on buildings or other improvements, or the ground, or either of them, *"subsequent to the commencement* of such buildings or improvements; and such lien shall attach to the buildings, erections, or improvements only for which they were furnished or the work was done, in preference to any prior lien, incumbrance, or mortgage upon the land upon which such buildings, erections, improvements or machinery has been erected or put; * * * *where there is a prior* mortgage or lien up-

on the land," the person enforcing the mechanic's lien "may have such building, erection, or improvement sold under execution * * * and the purchaser may remove the same within a reasonable time thereafter." Code 1876, § 3442. It is provided in the Code of 1886, § 3019, that the priority is over liens and mortgages "created subsequently to the commencement of the work on the building, etc."; gives "priority over all other liens, etc., whether existing at the time of the commencement of such work, or subsequently created," and provides for the enforcement of that lien by the removal (of) the building. Like provision is contained in § 2724, Code of 1896, and gave the purchaser a reasonable time to remove same—the "building or improvement" —from the land. And in like words, the "priority of lien" was given a place in the Code of 1907, § 4755 and in § 8833, Codes of 1923 and 1928. Such were the. statutes construed by this court and carried into succeeding Codes with constructions to be indicated.

1. The lien of a materialman on the erection of a building *on land is subordinate* to a mortgage executed and recorded prior to the contract for material used, and is superior to a subsequent mortgage or other lien. First Ave. Coal Co. v. King, 193 Ala. 438, 69 So. 549; Jackson v. Farley, 212 Ala. 594, 103 So. 882; Grimsley v. First Avenue Coal Co., 217 Ala. 159, 115 So. 90; Welch v. Porter, 63 Ala. 225, 230; Leftwich v. Florence, etc., Co., 104 Ala. 584, 598, 18 So. 48; Birmingham Building & Loan Ass'n v. Boggs, 116 Ala. 587, 22 So. 852, 67 Am. St. Rep. 147. (2) It is further declared by this court, that the effect of said statute is that, when a new building, structure, or improvement is erected or constructed on land subject to mortgage or incumbrance (a) *as to the land,* the lien is subordinate to the prior lien or incumbrance; (b) *as to the building* or structure so placed upon the mortgaged land, the statutory lien under discussion *is superior to such existing incumbrance on the land.* That is to say, the same had not become a part of the land as affected by the prior mortgage or incumbrance, and may under the statute, and according to equitable principles, be *sold and removed* without affecting or impairing the obligation of the mortgage, or impairing its security. Pilcher v. Porter Co., 208 Ala. 205, 94 So. 72; Grimsley v. First Ave. Coal Co., 217 Ala. 159, 115 So. 90; Sturdavant v. First Ave. Coal Co., 219 Ala. 303, 122 So. 178; Birmingham Building & Loan Ass'n v. Boggs, 116 Ala. 587, 22 So. 852, 67 Am. St. Rep. 147; Turner v. Robbins, 78 Ala. 592; Forbes v. Alabama, etc., Co., 176 Ala. 423, 429, 58 So. 398; First Ave. Co. v. McWilson, 182 Ala. 276, 62 So. 531; Wimberly v. Mayberry & Co., 94 Ala. 240, 245, 246, 10 So. 157, 14 L. R. A. 305; Vesuvius Lumber Co. v. Ala. F. M. & B. Co., 203 Ala. 93, 82 So. 107; Wilbourne v. Mann, 203 Ala. 26, 81 So. 816; 2 Alabama Law Journal, 253.

The statute was construed in Wimberly v. Mayberry, 94 Ala. 240, 244, 246, 10 So. 157, 158, 14 L. R. A. 305, to give a mechanic's or materialman's lien, when the work is done and material furnished and used in *completion* of an *unfinished house*, on land subject to a prior mortgage; and the statutory lien extended to the entire property (we interpolate the building) and in priority over the mortgage lien "to the extent of the enhanced value imparted to the property, *while it is subordinated to the mortgage lien on the property as it existed before the statutory* lien attached." In this case it is said:

"The statute contemplates different conditions of the realty at the time of the commencement of work by the mechanic, or when the materials are furnished, or repairs thereto are made: *First*, when there is no lien or incumbrance upon the land at the time the building or improvement or repairs are commenced; *second*, when there is a lien upon the land, and other and independent buildings or improvements are subsequently commenced; *third*, when there is a lien upon the land, and buildings or improvements thereon, and further improvements or repairs are subsequently commenced. * * *

"Under the first condition, * * * the lien may be enforced, if necessary, by a sale of the entire property.

"Under the second condition, for the erection of an independent building or improvement, a mechanic's or materialman's lien is given upon the building or improvement, which is declared to be superior to any existing lien upon the land. The statute provides that this lien may be enforced by a sale of the building or improvement, and, if necessary, the purchaser has authority to remove it from the land.

"The other [third] condition is when there is a lien for an improvement, which is a mere betterment of a building or improvement, or when there is a lien for 'repairs thereto,' upon which there is an existing mortgage or lien, before or at the time the improvements or repairs are commenced. The statute as clearly declares the lien for an improvement which is a mere addition or betterment of a building or improvement, or for repairs thereto, as it does upon a building or improvement wholly erected; *and it is the duty of the courts to protect and enforce the lien as far as it can be done legally, and without interfering with vested interests or impairing the obligation of contracts.*" (Italics supplied.)

And that decision clearly indicates the mortgagee's superior right under conditions numbered by Judge Coleman as 3, as follows:

"It would be inequitable to hold that a mechanic or material-man can appropriate, as compensation for his labor and material, the estate of an innocent prior mortgagee; or, as was forcibly stated in Welch v. Porter, 63 Ala.

232, 'to hold that a subsequent contractor or material-man could acquire a lien which would take precedence over an intervening incumbrance * * * would shock the moral sense of the profession, and fail to carry out the intention of the legislature.'

"The purpose of the act was to intervene in favor of the mechanic or material-man, and secure to him a paramount lien upon what he put upon the land in the way of 'buildings or improvements or repairs thereto,' and prevent the operation of the common law, which, without the act, would give an existing mortgage or lien a priority over it. * * * When a building or improvement, as an entirety, is placed upon or added to land under mortgage, such building or improvement may be sold and removed without affecting the mortgage security. Where the improvement is a mere betterment, or where repairs are made upon a building or improvement upon which there is a valid lien, and the owner has only a qualified right, it would be unjust and inequitable in many cases, and against the plain provision of section 3018, to enforce the lien, and give it priority on the entire building or improvement. It would be appropriating one's man's property to pay the debts of another, without his knowledge and consent."

This case was adhered to by our court in Birmingham Bldg. & Loan Ass'n v. May & Thomas Co., 99 Ala. 276, 13 So. 612; Christian & Craft Co. v. Kling, 121 Ala. 292, 25 So. 629; Threefoot Co. v. Hillman, 130 Ala. 244, 255, 30 So. 513, 89 Am. St. Rep. 39.

In Leahart et al. v. Deedmeyer et al., 158 Ala. 295, 299, 48 So. 371, 372, is the declaration:

"* * * in a case wherein it declared unconstitutional a mechanic's lien law, which made the fact that the person performing labor was not notified in writing not to perform it prima facie evidence that it was by and with the owner's consent that such labor was performed, the court quotes with approval from the case of Meyer v. Berlandi, 39 Minn. 438, 40 N. W. 513, 1 L. R. A. 777, 12 Am. St. Rep. 663, these words: 'As liens are an incumbrance upon the owner's property, it is fundamental that they can only be created by his consent or authority. No man can be deprived of his property without his consent, or by due process of law.' Randolph v. Builders' & Painters' Supply Co., 106 Ala. 501, 512, 17 South. 721. And in a later case, on the mechanic's lien law, the same question is made. Selma Sash, etc., Factory v. Stoddard, 116 Ala. 251, 253, 22 South. 555. This court also said, referring to the principle that a mechanic's lien could not have precedence of a prior mortgage on the land: 'To hold that a subsequent contractor or materialman could acquire a lien which would take precedence over an intervening incumbrance * * *

280

would shock the moral sense of the profession and fail to carry out the intention of the Legislature.'—Wimberly v. Mayberry & Co., 94 Ala. 246, 10 South. 157, 14 L. R. A. 305; Welch v. Porter, 63 Ala. 232."

The case of Climax Lumber Co. v. Bay City Mach. Works, 163 Ala. 654, 656, 50 So. 935, 936, says:

"Where a prior mortgage is on the property at the time the lien is created, Wimberly v. Mayberry, 94 Ala. 240, 10 South. 157, 14 L. R. A. 305, rendered previous to readoption of the statute involved in the Codes of 1896 and 1907, announces the law applicable to the relative rights and priorities of the lienor and mortgagee and directs the practice in such cases. A reiteration of the holding in Wimberly v. Mayberry is unnecessary."

The question at hand is given statement in Jefferson County Savings Bank v. Ben F. Barbour P. & E. Co., 191 Ala. 238, 243, 68 So. 43, as follows:

"Under the statutes, a mechanic's lien for inseparable repairs cannot be enforced, as against the entire property, real estate and improvements, superior to the lien, interest, or title of an intervening purchaser, under mortgage foreclosure of the owner's right, to to the extent of the contract price or value of the work done and material furnished, but to the extent only that such blended repairs increased the value of the property as a whole."

The construction of the statute was later applied in Pilcher v. Porter Co., 208 Ala. 202, 205, 94 So. 72, 75, saying:

" 'Where the improvement is a mere betterment, or where repairs are made, upon a building or improvement upon which there is a valid lien, and the owner has only a qualified right, it would be unjust and inequitable in many cases * * * to enforce the lien and give it priority on the entire building or improvement'; and hence 'the mortgagee's lien is superior and prior as to the property covered by the mortgage before the mechanic's or materialman's lien attached, and subordinate to the lien given to the mechanic or materialman, for what he added; and so the lien of the mechanic or materialman is upon the whole property, but subordinate to the mortgage as to the property covered by the mortgage when his lien attached.' Wimberly v. Mayberry, supra, 94 Ala. 248, 249, 10 South. 160 (14 L. R. A. 305); Jefferson Co. Sav. Bk. v. Ben F. Barbour, etc., Co., supra."

Later by Smith v. Haley, 210 Ala 339, 98 So. 19, 20, declaring:

" * * * in Alexander v. Mobile Auto Co., 200 Ala. 586, 76 South. 944, it is the general rule that one can create a lien on property to the extent only of his interest therein, and that this lien will not ordinarily affect the rights of others or of other incumbrancers. See, also, 6 Mayfield Dig. 550. In Wimberly

v. Mayberry, 94 Ala. 240, 10 South. 157, 14 L. R. A. 305, the court quotes with approval from Welch v. Porter, 63 Ala. 232, as follows:

" 'To hold that a subsequent contractor or materialman could acquire a lien, which would take precedence over an intervening incumbrance, * * * would shock the moral sense of the profession, and fail to carry out the intention of the Legislature.'

"This expression also found approval in the more recent case of Leahart v. Deedmeyer, 158 Ala. 295, 48 South. 371. The opinion in the Wimberly Case, supra, indicates that a construction as here contended for would render such statute of doubtful constitutional validity." Vesuvius Lumber Co. v. A. F. M. & B. Co., 203 Ala. 93–96, 82 So. 107.

The procedure to be observed in the ascertainment and enforcement of such respective and conflicting liens, as not to impair the contract obligations or those of prior mortgages, is well stated in Magnolia Land Co. v. Malone Investment Co., 202 Ala. 157, 79 So. 641,—a case of repairs, painting, papering, plumbing, etc., and as affecting prior mortgage on the land and building. It was as follows:

"The lien of the mechanic or materialman in a case of this character is upon the whole property, but subordinate to the mortgage as to the property covered by the mortgage at and before the accrual of the lien. The difference between the judges related to the remedy to be afforded the mechanic or materialman and its practical effect upon the rights of the mortgagee in a case in which the lienor sought to foreclose his lien in advance of a foreclosure of the mortgage. The effect of the majority opinion, as we read it, was to hold that in such a case, where repairs are so inseparably blended with improvements covered by a prior mortgage that they cannot be removed without mutilating the property and impairing the security of the mortgage, the mechanic or materialman may, by his bill, require a sale, thus in effect precipitating a foreclosure of the mortgage, and pay himself out of the proceeds, not necessarily indeed the full price of the work done or the materials furnished, but to the extent of the increased value of the property."

See, also, Vesuvius Lumber Co. v. Alabama F. M. & B. Co., 203 Ala. 93, 95, 96, 82 So. 107, to like effect.

The case of Wade v. Bank, 216 Ala. 539, 113 So. 617, is to the effect that the mortgagor in possession, as against all the world except his mortgagee, is held to be the owner of the fee. However, the rights of the parties as to improvements and contracting for mechanic's lien are to be judged by the statutes and constructions hereof, as we have indicated.

281

Did the adjudication in bankruptcy mature the obligations of the mortgagor-bankrupt so as to affect the rights of the several mortgagees as here, where the subsequent mortgages were executed and assigned on the faith and obligation as to the amount, time, and terms of the former mortgages? 2 Collier, p. 1758, § 70; 3 Collier, pp. 2493, 2499. The observation in Cartwright v. West, 185 Ala. 41, 64 So. 293, is that the debts of the bankrupt mature under the terms of the bankrupt act immediately upon adjudication.

A sale of a bankrupt's property may, in a proper case, be made free of liens and the mortgage lien be transferred to the proceeds of the sale, etc. 7 C. J. §§ 357, 359, p. 231, and authorities collected; In re Roger Brown & Co. (C. C. A.) 196 F. 758, 28 A. B. R. 336; In re Torchia (D. C.) 185 F. 576, 26 A. B. R. 188; Moore v. Green (C. C. A.) 145 F. 472, 16 A. B. R. 648; In re John B. Rose Co. (C. C. A.) 275 F. 409, 47 A. B. R. 259; In re Grissler (C. C. A.) 136 F. 754, 13 A. B. R. 508; 3 R. C. L. 289–290, §§ 114, 129, p. 306; Ford v. Howgate, 106 Me. 517, 76 A. 939, 29 L. R. A. (N. S.) 734, 737. The subject is thus touched upon in 3 R. C. L. p. 289, § 114:

"The most scrupulous care is evinced throughout section 67 to save all rights and liens obtained in good faith from the bankrupt. Section 67d reads as follows: 'Liens given or accepted in good faith and not in contemplation or in fraud upon this Act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to import notice, shall [to the extent of such present consideration only,] not be affected by this Act.' This provision evinces an intent not to deprive a lienor of any remedy with which he is vested by the law of the state. The statutory declaration that the liens shall 'not be affected' is far from saying that such lienholders may, after the commencement of proceedings in bankruptcy against the debtor, proceed to enforce their liens or contracts in the manner prescribed in the instruments which create them; and this is true whether such lien is an ordinary mortgage or a deed of trust with provision for a strict foreclosure by a notice and sale. The statutory declaration has reference only to the validity of the lienholder's contract. It does not have reference to his remedy to enforce his right. The remedy may be altered without impairing the obligation of his contract, so long as an equally efficient and adequate remedy is substituted. Every one who takes a mortgage or deed of trust intended as a mortgage, takes it subject to the contingency that proceedings in bankruptcy may deprive him of the specific remedy which is provided for in his contract."

The bankruptcy of the mortgagor, in an important administrative sense, made necessary an ascertainment of the mortgagee's debt and a foreclosure, or rather a transfer of that security to proceeds of sale of the bankrupt's interest in the property. If the remedy approved in Wimberly v. Mayberry, and Magnolia Land Co. v. Malone Invest. Co., supra, can be administered in this case by the decree to be rendered upon the facts, without impairing the contract rights of the prior mortgages, and make available the equity of the mortgagor to the payment of complainant's claim, this should be done. The decree can ascertain, declare, and safeguard the respective priorities of the several mortgages and lienholders (Vesuvius Lumber Co. v. Alabama F. M. & B. Co., supra), and preserve the obligation of the contract in dealing with the proceeds of the sale.

In view of the bankruptcy of mortgagor, the necessity of ascertaining his equity in the land, by a sale of the mortgaged property, may effect precipitated foreclosure of the mortgages in order that the mortgagor's debts so secured be ascertained, secured, or paid out of the proceeds, which stand in lieu of the mortgage, and thereafter the materialman be paid to the "extent of the increased value of the property," by reason of his contribution thereto. Such a decree would not impair the obligations of the contract or security thereby afforded, but would be in accord with the constructions of the statute, and meet only justice in a court of equity. It is to be desired that all equities and liens be adjusted by the court, and the amounts thereof ascertained, before the sale by order of the court (Whitehead v. Boutwell, 218 Ala. 109, 117 So. 623), that interested parties may be advised as to their bids at the sale of the property, and to the end that they may protect, enforce, and satisfy their liens. Harvey v. Jenkins, 219 Ala. 121, 121 So. 419.

The first mortgagee should be accorded, in the decree, the right to bid at such sale to the amount ascertained to be due on the first mortgage debt, and the same (authorized in the decree) be credited to the amount of such successful bid made by such mortgagee or his privy, by contract, or estate, or of blood, if he desires to bid. If a subsequent mortgagee or lienholder is the successful bidder, he should be required to pay in cash the amount to secure or necessary to discharge all prior liens and costs before credited with the amount of his lien on his bid.

The property, such as it is or found to be, should not be depleted or consumed by the appointment of a receiver, when a sale, properly directed and safeguarded in the decree of sale, will protect all interests of the parties and their priorities.

The decree of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.