(130 So. 329)

### HEADY v. POOL et al.

6 Div. 526.

Supreme Court of Alabama.

Oct. 16, 1930.

H. A. & D. K. Jones, of Tuscaloosa, for appellant.

Foster, Rice & Foster, of Tuscaloosa, for appellees.

## THOMAS, J.

The counts on which trial was had, and here to be considered, are 2 and 3, for work and labor, 4, under an express contract, and 6, for work and labor and to establish a lien on property therefor. There were no demurrers to counts 2 and 4. The pleas were of the general issue, payment, set-off, and recoupment, and special pleas that the building was not constructed in a workmanlike manner.

There was no error in overruling demurrers assigned to count 3, in that it was not on express contract, but for work and labor done. Roobin v. Grindle, 219 Ala. 417, 122 So. 408. For like reason there was no error in overruling demurrer (grounds a and b) to count 6. The averment of that count as to the enforcement of the lien is substantially in the words of the statute, a definite allegation of the facts, and not conclusions of the pleader. Powers v. Grayson, 215 Ala. 33, 109 So. 164; Richardson Lbr. Co. v. Howell, 219 Ala. 328, 122 So. 343; Grimsley v. First Avenue Coal & Lbr. Co., 217 Ala. 159, 115 So. 90; Gilbert v. Talladega Hdw. Co., 195 Ala. 474, 70 So. 660.

The grounds of demurrer challenging the sufficiency of the complaint as to the description employed of the property improved are not well taken. Richardson Lbr. Co. v. Howell, supra; Vesuvius Lbr. Co. v. Ala. Fidelity Mtg. & L. Co., 203 Ala. 93, 82 So. 107; Bedsole v. Peters, 79 Ala. 133; Ala. State F. & Agr. Ass'n v. Ala. Gas F. & P. Co., 131 Ala. 256, 31 So. 26. Count 6 is sufficient as against the grounds of demurrer assigned.

There was no reversible error in sustaining demurrer to plea 5. The matters attempted to be set up were available under the general issue. Moreover, the plea was not sufficiently specific in averment to apprise plaintiff of the defects in the building and work. These questions, however, were fully litigated on the trial under the general issue. And such was the fact as to plea 6 of recoupment. However it was uncertain, indefinite, and not sufficient to inform plaintiff in what respect the building and work thereon was defective as per contract. There was no error in sustaining demurrer to said pleading.

There was no error in the introduction in evidence of the deed of Tillery to defendant; the tendency was that defendant owned the land upon which the building was erected, and sought to be subject to the mechanic's lien, and supported the description employed in the complaint. The evidence clearly identifies the one tract of land, and the improvements thereon are sufficiently embraced in the verified statement and in the complaint.

When the evidence on the point is fully considered, it is evident that the items for cement block that went into the Northport garage and the pay of a night watchman were inadvertently included by plaintiff's counsel in Alabama, who prepared the statement for lien and sent same to plaintiff for verification in Mississippi, and that there was no purpose to defraud was admitted. The issue of whether or not there was a fraudulent intent and purpose in that respect was submitted to the jury, and they were instructed that plaintiff could have no lien for items not employed in said improvement. 40 C. J. pp.

482–83, §§ 709, 711; Redd Brothers v. Todd, 209 Ala. 56, 95 So. 276. In the case of Fleming v. McDade, 207 Ala. 650,[1] the overcharges were willfully made under section 4758 of the Code of 1907, requiring a "just and true account" of the demand, and the Code of 1923, § 8836, only requires a verified statement in writing of the amount of the demand. Redd Bros. v. Todd, supra. There was no error in refusing defendant's requested charges D and E under the evidence; said charges do not exclude the idea of inadvertence, and therefore needed explanation.

There was no reversible error in the court's oral charge to which exceptions were reserved, as the jury were finally and fully instructed and practically in the language of the statute, to which reference was made in conclusion of the charge. Section 8836, Code. And the requested general affirmative instructions were properly refused under the respective tendencies of the evidence.

 There was no error available to defendant as to the insistence of a variance. If such there was, and we do not so decide, it was not presented on the trial and to the court, as required by Rule 45, Supreme Court, Circuit Court Rules 34 and 35. However, no variance resulted from the failure to prove all the items as embraced in the statement. Southern I. & E. Co. v. Holmes Lbr. Co., 164 Ala. 517, 522, 51 So. 531; 31 Cyc. p. 706; 22 Enc. P. & Pr. 580.

We find no reversible error, and the judgment of the trial court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.