(135 So. 441)

### BENSON HARDWARE CO. v. JONES.

#### 4 Div. 534.

Supreme Court of Alabama.

May 14, 1931.

Rehearing Denied June 25, 1931.

288

R. H. Jones and Powell, Albritton & Albritton, all of Andalusia, for appellant.

E. O. Baldwin, of Andalusia, for appellee.

SAYRE, J.

Appellee filed the bill in this cause to remove a cloud upon his title making appellant party defendant. Appellant had recovered judgment against C. C. Wilson in an action commenced January 15, 1929, in which it sought a lien according to the statute which gives a lien for material furnished for any building or improvement upon land. Code, § 8832 et seq. Appellee in this cause intervened in that, setting up title acquired from one Ellison December 26, 1928, alleging that Ellison had acquired his title by deed from Wilson November 3, 1928. But on a later date appellee was allowed to withdraw his petition of intervention without prejudice. October 28, 1929, appellant recovered judgment against Wilson declaring a lien for the amount thereof. At a sale of the property under a writ of venditioni exponas, appellant, March 3, 1930, became the purchaser, and, later, March 5, 1930, appellee in this cause, Jones, filed his bill to quiet his title.

Appellant did what was necessary to perfect a lien according to the statute for the price of the materials furnished and labor done by it on the property, the dwelling, under contract with the owner at the time. Appellant, in its action in the court of law, recovered judgment and a lien as against the party defendant in that cause, the owner with whom its contract was made, for the value of the work done and material furnished for repairing, altering, or beautifying the dwelling on the premises. Code, § 8832. For the satisfaction of that judgment and lien the property was sold at public outcry and purchased by appellant. Appellee was fully informed as to that proceeding, and had at one time intervened for the assertion of his rights as a purchaser of the property, but, at a later date and before judgment rendered, had withdrawn his appearance and was not a party to the judgment rendered. After appellant had purchased the property under process against Wilson, appellee filed his bill to quiet his title, averring, to state his case in brief, that he, or his immediate vendor, had purchased the property before the sale under the judgment of the court and calling upon appellant to propound its title, whereupon on final hearing the court declared appellant's title, acquired in virtue of the sheriff's sale, to be a nullity, and ordered a cancellation of the deed executed in pursuance thereof and dismissing appellant's cross-bill in which it had set up the title thereby acquired.

The crucial question presented by the record is whether appellee, or his immediate

vendor, had notice when he purchased from Wilson of the facts which, under the statute, confer a lien for work done and material furnished for repairing and beautifying the property. The alleged lien was, at the time when appellee's vendor purchased from Wilson and when appellee acquired his title, not yet perfected; the necessary declaration had not been filed with the judge of probate as provided by section 8836 of the Code. But it was filed later within six months, as the statute provides, and thereupon appellant's lien was perfected and related back to the time of the commencement of the work. Code § 8833. Purchasers acquiring title in the meantime were bound by the lien if they had notice of the facts on which the lien was predicated. And the conclusion here is that appellee had such notice. The question of notice vel non to appellee or his vendors was not litigated in the action in which appellant had judgment, nor, as we have said, was appellee a party to that proceeding, and, of course, was not bound by the judgment therein. But the fact of notice vel non was necessarily litigable under the bill filed by appellee to quiet title and the issue thereby made should have been determined in favor of appellant.

The statute, section 8832 of the Code, provides a lien for work and materials done and furnished under contract with the owner or proprietor, meaning of course the owner or proprietor at the time of the contract, and means further that such lien attaches from the commencement of the building or improvement, subject, however, to be defeated if claim is not verified and filed with the judge of probate within the time prescribed. Lavergne v. Evans Construction Co., 166 Ala. 289, 52 So. 318; Welch v. Porter, 63 Ala. 225. Appellee might have been made a party as provided by section 8844, but, not being a party at the time when the cause went to judgment, was not bound thereby. But it was not indispensable to appellant's case or judgment that appellee should have been a party in court at the time of judgment. Appellee, having notice in fact, took title at his peril and subject to the lien created by the contract owner. Carswell v. Patzowski, 4 Pennewill (Del.) 406, 55 A. 342, 1013; Fourth Avenue Baptist Church v. Schreiner, 88 Pa. 124; Jones v. Shawhan, 4 Watts & S. 257; Oglethorpe Savings & Trust Co. v. Morgan, 149 Ga. 787, 102 S. E. 528.

The court here finds in the record no evidence of a waiver by appellant of his lien under the statute.

The decree must be reversed, and the cause remanded for a decree making appellant's lien effective.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.