147 So. 411

## BYRUM HARDWARE CO. v. JENKINS BLDG. SUPPLY CO.

### 6 Div. 222.

Supreme Court of Alabama.
March 16, 1933.

Rehearing Denied April 13, 1933.

Fred G. Moore, of Birmingham, for appellant.

Howze & Brown, of Birmingham, for appellee Equitable Life Assur. Soc.

THOMAS, Justice.

This appeal is by Byrum Hardware Company, and it alone assigns errors.

The bill by Jenkins Building Supply Company, a corporation, was against the named individuals and the mortgagee, Equitable Life Assurance Society of the United States, a corporation, Benson Paint & Varnish Company, a corporation, Merit Oak Flooring Company, and Byrum Hardware Company, corporations, seeking a superior lien to the mortgage, and other claimants as materialmen.

There were answers and cross-bills by Benson Paint & Varnish Company and Byrum Hardware Company, seeking establishment of their liens and asking that the same be declared superior to the mortgage of the Equitable Life Assurance Society "against said real estate and the building and improvements thereon," and "superior to the liens, claims, mortgages, title and encumbrances of any of the respondents or cross-respondents" who were the several named respondent corporations and individuals named in the original and cross-bills.

The demurrers to the several pleadings were overruled.

The mortgagor, A. L. Abel, answered the amended bill and denied that he was the owner of the lot; denied that he entered into a contract with the owners of the land for the furnishing of building material to be used in the erection of the building on the premises, or that complainant furnished the same in accordance with the terms of the agreement; "that the same were sold to him by complainant" and not sold to Bernettie Abel, who "did not contract for any materials" and who was under "no legal obligation" to pay for the same, and that she was "not indebted to the complainant in any sum whatsoever." This answer, in substance, was likewise made to the respective cross-bills. The respective answers of Bernettie Aoel were of like import.

The answer of Equitable Life Assurance Society of the United States, J. I. Harden, and C. J. Donald (owners of the land), was to the effect that "for answer to the bill of complaint filed against them in this cause, say that the said The Equitable Assurance Society of the United States has a valid mortgage on the property described in the bill of complaint, securing a loan of $5,500.00, which mortgage is a lien on said property prior to the alleged lien of complainant and they admit paragraph seven of the bill, and they deny each and every other allegation of said bill."

The bill was amended and the answer of Equitable Life Assurance Society of the United States, the above-named mortgagee, was, in part, as follows:

"* * * That some time prior to November 4, 1929, Bernettie Abel applied to this respondent for a mortgage loan on the property described in the bill and her application was later accepted; that she furnished to the respondent an abstract of title to the property brought down to date, which abstract showed the legal title to said property to be in C. J. Donald and J. I. Harden, subject to a mortgage to the Tutwiler Investment Company, which mortgage was filed for record in the office of the Judge of Probate for Jefferson County, Alabama, in May 19, 1926, and recorded in Volume 1578, Page 119, said mortgage being for the sum of to-wit: $74,000.00, and provided that the property described in the bill could be released therefrom upon the payment of $750.00. The attention of the said Bernettie Abel was called to the fact that she did not have title to said property and she stated that she would obtain a deed to it from Harden and Donald at the time the loan was closed; that she would pay the purchase price of said property from the proceeds of the mortgage loan to be made her by the respondent; that on, to-wit, November 4, 1929, the said Bernettie Abel came to the office of Howze & Brown, attorneys for the respondent, and said loan was closed, that at said time Harden and Donald delivered the deed and at the direction of the said Bernettie Abel the respondent paid to the said Harden and Donald the sum of $3180.00, which was the purchase price of said property; that the balance of the sum of $5,500.00 was paid to the said Bernettie Abel by the respondent.

"Respondent avers that its dealings were with Bernettie Abel and it denies that the said A. L. Abel had or owned any interest in said property. That at the time said building material was furnished by the complainant the title to said property was in Harden and Donald, and that the title to said property was not conveyed to the said Bernettie Abel until to-wit, November 4, 1929, when the respondent paid the purchase price of said property out of the proceeds of said mortgage loan, and respondent avers it is subrogated to the rights of Harden and Donald on account of the payment of said purchase price."

The cause, on pleading and proof, was held for decree which was to the effect, first, that Bernettie F. Abel was indebted to the several complainants and cross-complainants, of whom was Byrum Hardware Company, in

the sums indicated; second, that she be allowed five days to pay same into the registry of that court; and, third, in the event she fails or refuses to comply with this allowance, the property will be ordered sold for the purpose of satisfying the decree; and, fourth, after deducting the costs herein accrued, the register will distribute the proceeds of said sale as follows: " * * * Will pay over to the Equitable Life Assurance Society of the U. S. the sum of Thirty One Hundred Eighty ($3,180.00) Dollars, together with interest thereon at the legal rate from November 5, 1929, to the date of such payment, said amount consisting in the sum of Fifteen Hundred Thirty ($1,530.00) Dollars disbursed to the Birmingham Mortgage & Loan Company, and the sum of Sixteen Hundred Fifty ($1,650.00) Dollars disbursed to J. I. Harden and C. J. Donald by the Equitable Life Assurance Society of the U. S. out of the proceeds of the loan made by that Society to the respondent, Bernettie F. Abel"; that the register will then distribute any "sum remaining in her hands" to the complainants and cross-complainants "in proportion to the amounts of their respective claims" as decreed; that the mortgagee and several complainants may bid at such sale, in the event a sale thereof is had, "and if either of said parties is the successful bidder for said property at such sale, the amount of its bid shall be credited with the amount of its claim as herein decreed"; that "in the event the Equitable Life Assurance Society of the U. S. is the successful bidder for said property at such sale * * * the amount of its bid shall be credited with the amount of its claim as herein decreed, and said Society shall be required to pay into Court only the cost herein accrued"; the cause was retained for further orders and decrees.

Security for costs was deposited by Byrum Hardware Company, Inc., for "appeal to the Supreme Court." Citation of appeal to the other parties is shown to have been properly executed. There was no supersedeas bond given; the sale was made by the register after due notice thereof, and so reported that "Equitable Life Assurance Society of the United States was the highest and best bidder and became the purchaser of the hereinabove described property for and at the sum of $3,270.70, and claiming a credit on said purchase price in the sum of $3,180.00 has only paid into Court the sum of $90.70, being the costs of Court. March 15th, 1932."

The decree of confirmation of the report and sale recited, that there being no objections filed thereto, said report "is in all things ratified and confirmed"; that "the register execute and deliver to the Equitable Life Assurance Society of the United States, the purchaser, a proper deed of conveyance in and to the following described real estate," indicated as that of the subject-matter of this suit.

It is provided by statute that unless a supersedeas bond is given there is no stay of the execution of the judgment rendered (as here for the payment of money and for other acts) pending the appeal; that is, that the judgment may be executed and enforced. Sections 6131, 6133, Code; Montgomery Gaslight Co. v. Merrick & Sons, 61 Ala. 534, 536; Garrett v. Mayfield Woolen Mills, 153 Ala. 602, 44 So. 1026; Hurt v. Knox, 220 Ala. 448, 452, 126 So. 110; Ex parte Cudd, 195 Ala. 80, 70 So. 721. In the case of Ex parte State ex rel. Hillhouse (Hillhouse v. Hillhouse), 221 Ala. 678, 130 So. 206, there was an appeal on demurrer; held not to preclude a reference to determine the allowance to the wife pending the trial.

The decree in the instant case was held open for further orders; hence we will consider the merits of appellants' insistence.

Some of the more recent decisions that are pertinent and construing and applying sections 8832, 8833 of the Code, are: Wimberly v. Mayberry & Co., 94 Ala. 240, 10 So. 157, 14 L. R. A. 305; Pilcher v. E. R. Porter Co., 208 Ala. 202, 94 So. 72; Central Lumber Co. v. Jacks, 222 Ala. 475, 132 So. 721; Becker Roofing Co. v. Jones (Ala. Sup.) 144 So. 865.[1] See, also, Becker Roofing Co. v. Wysinger, 220 Ala. 276, 124 So. 858; Grayson v. Goolsby, 224 Ala. 75, 139 So. 106.

A contract, for the improvement of real estate, or for material furnished and used therein, must be made with the owner or proprietor, his agent, architect, trustee, contractor, subcontractor, etc., in order to become a lien within the statute (Sturdavant v. First Ave. Coal & Lumber Co., 219 Ala. 303, 304, 122 So. 178; Central Lumber Co. v. Jacks, supra; Anniston Lumber & Mfg. Co. v. Kirkland, 220 Ala. 148, 124 So. 207; Richardson Lumber Co. v. Howell, 219 Ala. 328, 330, 122 So. 343; Roobin v. Grindle, 219 Ala. 417, 122 So. 408; Ingram v. Howard, 221 Ala. 328, 128 So. 893; Butler v. Hawk, 221 Ala. 347, 128 So. 451; Sims v. Taylor, 223 Ala. 280, 135 So. 580; Benson Hardware Co. v. Jones, 223 Ala. 287, 135 So. 441); but the statute does not extend to money advanced to pay for labor, etc. (Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 162, 115 So. 90; Guaranty Sav. Bldg. & Loan Ass'n v. Russell, 221 Ala. 32, 34, 127 So. 186; Kershaw Contracting Co. v. Cascade Corporation of Alabama, 224 Ala. 116, 138 So. 815; LeGrand v. Hubbard, 216 Ala. 164, 112 So. 826; Dixie Lumber Co. v. Young, 203 Ala. 115, 82 So. 129); it only extends to payment of a particular debt or lien therefor (Sturdavant v. First Ave. Coal & Lumber Co., supra; Anniston Lumber & Mfg. Co. v. Kirk-

[1] 225 Ala. 638.

land, supra; Kershaw Contracting Co. v. Cascade Corporation, etc., supra).

The evidence shows that the deed from Harden and C. J. Donald to Mrs. Abel was delivered to the Equitable Life Assurance Society with the express instructions to hold the same in escrow and deliver only on the payment of $3,180, this being the purchase price of $1,650 for the land and the sum of $1,530 furnished by the owner Harden through his company, the Birmingham Mortgage & Loan Company. And in so far as the Equitable Life Assurance Society was advised, it was essential that the sum of $3,-180 be paid before the deed in escrow could be delivered. This is the view, as we gather it from the decree that the trial judge entertained.

■ The building was brick veneer and would have been largely destroyed by its removal; hence the order that the whole property, land and building. be sold to afford the best or fair market price, and there was authority for such action. Grayson v. Goolsby, 224 Ala. 75, 139 So. 106.

The court of equity having jurisdiction of all the parties in interest and the subject-matter, may so mold its decree in the interest of just and fair treatment of all parties interested in the sale of the property of the peculiar nature in question—rather than by its destruction and sale of what is left as material. Grayson v. Goolsby, supra.

■ It will be noted that appellant, Byrum Hardware Company, in the prayer to its cross-bill, asks that a lien be declared in its favor against "said real estate and the building and improvements thereon, superior to the liens, claims, mortgages, title and encumbrances of any of the respondents or cross-respondents, both as to the said real estate and the building and improvements thereon, to secure the payment of said sum of money due cross-complainant and that the said real estate and the buildings and improvements thereon be sold to satisfy said lien"; that appellant did not duly invoke the trial court to a lien on the building alone, but upon the unit of land and improvements; and the judgment was not in error. Appellant cannot make the point here for the first time that there was error in ordering the whole property sold by reason of its peculiar character, as a unit and as was done.

■ There is a further question that will be here adverted to; that it is established that an intentional misstatement in excess of what is just and true in a mechanic's lien statement is fraud in law and vitiates the entire claim and lien. Heady v. Pool, 221 Ala. 619, 130 So. 329; Fleming v. McDade, 207 Ala. 650, 93 So. 618; Lane & Bodley Co. v. Jones, 79 Ala. 156, 163; Jefferson Plumbers & Mill Supply Co. v. Peebles, 195 Ala. 608, 71 So. 413; Hunter-Benn & Co. Company v. Bassett Lumber Co., 224 Ala. 215, 139 So. 348.

■ In respect to this and the claim filed in the probate office, the evidence of Byrum, to the effect that he was an officer of appellant, willfully stated the value of the material furnished and used in this work, was in excess of the sum due thereon. His explanation thereof was that Abel owed him on "another job" and by agreement with Abel, he included the old balance in the amount due and claimed on the instant house. Such intentional material misstatement of the amount of the claim by adding thereto an independent claim, increasing the amount, to the detriment of other lienholders and claimants, is held to be a fraud in law that vitiates and defeats the entire claim and lien. Such is the application of the equitable maxim that denies aid to one "who comes into court with unclean hands." The appellant's cross-bill was filed to enforce the lien for such excess sum so carried into the statement of the lien filed in the probate office. We do not doubt but that Mr. Byrum thought he had the right to do this by agreement with Abel. However, he was not thinking of the rights of other interested parties and the effect on himself and them of the legal maxim stated.

■ The title was in J. I. Harden and C. J. Donald, the immediate grantors of Bernettie F. Abel, and we have indicated that such material as Byrum Hardware Company furnished was not with the consent or at the instance of the owners—the grantors, mortgagee, or mortgagor. The fact that Harden contracted for the sale of his interest to Crumley and sold to A. L. Abel, did not authorize the latter to encumber the whole title by his contract as to a one-half interest therein. The pleading and the evidence of Abel admit that he acted in his own behalf and on his individual responsibility, not that of the owner, in procuring materials from appellant for this and other jobs. Neither the Equitable Life Assurance Society nor its agents had knowledge or notice of the intervening contracts as to the half interest or materials.

■ Thus the evidence fails to show that the material was furnished per contract with the owner or proprietor, his agent, architect, trustee, contractor, or subcontractor. Not having had a contract for the furnishing of the materials with the owners—Harden and Donald—there was no lien that affected their title which passed to the Equitable Life Assurance Society by way of the mortgage. Moreover, the intentional increase by the old debt of the amount of appellant's claim and lien filed and sought to be enforced would defeat appellant's claim, had the same been superior to that of the mortgage company.

For the foregoing reasons, the judgment of the lower court is affirmed as against the appeal and assignment of errors by Byrum Hardware Company, who is taxed with the costs of the appeal.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.