## Fry *et al.* *v.* Hamner.

*Bill in Equity by Wife, to enjoin Sale of Lands under Mortgage executed by Husband and Wife.*

1. *Wife's statutory separate estate; when declared, and protected against mortgage of husband and wife.* — Lands conveyed by the wife's guardian to her husband, in satisfaction of a decree rendered against him on settlement of his guardianship, will be decreed in equity to be her statutory separate estate, and will be protected against a mortgage executed by her and her husband to one who had notice of her equitable rights.

2. *Mortgage by husband and wife, of wife's lands; resulting trust.* — A promissory note, and a mortgage on the wife's lands to secure it, both signed by husband and wife, and given for money advanced to them to enable them to cultivate the land, and to pay off a valid outstanding incumbrance on it, are absolutely void, as against the wife and her statutory separate estate; and the mortgagee cannot claim a resulting trust in the land to the extent of the money paid in extinguishment of the valid incumbrance, nor be subrogated to the rights of the party w held that incumbrance.

APPEAL from the Chancery Court of Wilcox.
Heard before the Hon. CHARLES TURNER.

JOHN Y. KILPATRICK, for appellants.

COCHRAN & DAWSON, *contra.*

B. F. SAFFOLD, J. — The appellee filed the bill to enjoin the appellants, Fry and Fish, from selling land which she claimed to be her separate statutory estate, under a power of sale contained in a mortgage executed to them by her husband and herself.

Her guardian, George M. Hamner, after her marriage with his son, George W. Hamner, made a settlement of his guardianship, upon which a decree was rendered against him for $17,160.47. In payment and satisfaction of this judgment, the guardian conveyed by deed to her husband, George W. Hamner, the land in question. It was incumbered at the time with a mortgage for about $1,500. George W. Hamner and his wife agreed with Fry and Fish, who were partners as commission merchants, to mortgage the said land to them, in consideration of their advancing to them the amount due on the prior mortgage, and other sums of money to be used in farm-

[Fry v. Hamner.]

ing the land. A promissory note for the estimated amount, and a mortgage to secure its payment, were prepared, and were executed by Hamner and wife. There was included in this debt a considerable sum due to the said mortgagees from George M. Hamner, the father, individually, who died in the middle of the year, after contracting the debt, and after the execution of the conveyance to his son, but before the date of the present transaction. No consideration for the assumption of this debt is shown, further than that George W. Hamner had some interest in the farming with his father, and the defendant Fish threatened to attach the crop grown on the premises during the year in which the father died. A considerable portion of the note has been paid, but a balance is still due, about equal in amount to the prior incumbrance on the land.

The defendants, while insisting on the effectiveness of their mortgage, contend that they are entitled to relief, at least, to the extent of the precedent mortgage which their money extinguished. They do not claim this subrogation by cross-bill which the complainant is called on to answer, but by simply concluding their answer with a prayer for an account, and for a decree for the sale of so much of the land as may be necessary to pay what is due to them, and for " whatever or such other equities and relief as they may be entitled to." The chancellor decreed a perpetual injunction, in accordance with the prayer of the bill.

1. It has been unequivocally decided by this court, that the note and mortgage of a married woman create no liability against herself, or against her separate statutory estate. The limited liability to which her separate estate may be subjected is specified in the statute creating it. R. C. § 2376; *Wilkinson* v. *Cheatham*, 45 Ala. 337. The deed for the land was taken by the complainant's husband in his own name, and it does not show that the purchase was made with trust funds of his wife. But the fact is proved by the receipt which he gave to her guardian, and by the uncontradicted testimony of all the witnesses, who were conversant with the matter. The defendants admit that they were so informed before they took their mortgage, or advanced any money on the security of the land. Under these circumstances, the right of the complainant to have the land vested in her as her separate estate is unquestionable. 2 Spence's Eq. Jur. 202–6; 1 Ib. 512; 2 Story's Eq. Jur. § 1210; Rev. Code, §§ 2374, 2375.

2. The defendants have no claim to a resulting trust, on account of their having paid the money in extinguishment of the prior incumbrance. They advanced the money as a loan, by agreement with the complainant and her husband. It is not

[Avary v. Searcy.]

shown that the wife received in the land any more than was due to her from her guardian. The advance was not contemporaneous with the purchase, nor was the purchase intended for the defendants. *Riley* v. *Pierce*, at the present term.

The decree is affirmed.