# Garrett *et ux. v.* Lehman, Durr & Co.

## *Real Action in the Nature of Ejectment.*

1. *Statutory estate of married woman; power to convey.*—The wife's capacity to convey her statutory estate is no greater in equity, than at law; and by the uniform decisions of this court she can not mortgage it, whether alone or jointly with her husband; and if she attempts to do so, no title passes thereby.

APPEAL from Circuit Court of Lowndes.

Tried before Hon. JAMES Q. SMITH.

The appellees, Lehman, Durr & Co., brought their real action of ejectment against the appellants, Eliza Garrett, and Andrew Garrett, her husband, to recover a tract of land in the possession of appellants.

There was no dispute as to the facts, which were as follows: Said Eliza and Andrew were married in Alabama in the year 1858, and have continuously resided together in this State, as husband and wife, ever since, and were at the time of suit brought, in possession of the premises sued for. The evidence showed that Mrs. Garrett derived title to the lands in controversy by a deed made to her on the 13th day of September, 1866, by James Garrett and R. J. Garrett. The consideration of the deed, as therein recited, was $2,200 paid to the grantors by said Eliza, and the *habendum* clause as follows: "To have and to hold the aforegranted premises, to the said Eliza Garrett, her heirs and assigns, to their use and behoof forever."

Lehman, Durr & Co. claimed title under a conveyance executed to them by Mrs. Garrett and her husband, in Feb-

ruary, 1870, whereby they conveyed the lands to secure a certain indebtedness to Lehman, Durr & Co., and certain contracts to deliver cotton, upon compliance with which and payment of the debt, the conveyance was to be void; otherwise Lehman, Durr & Co. might enter and sell. The lawday of this mortgage had passed, and about one thousand dollars of the indebtedness secured remained unpaid, when suit was brought. It was shown that the debt secured was that of the husband, and that Mrs. Garrett had nothing to do with it or the making of the conveyance, except to sign it with her husband. Mrs. Garrett had always claimed the lands as her statutory estate, and her husband had always so treated it. This was all the evidence.

The court, at the request of the appellees, charged the jury "if they believed the whole evidence, they must find for the plaintiff," and refused a written charge separately asked by each of appellants, instructing the jury to find for appellants if they believed the evidence. The court further charged the jury that Mrs. Garrett could not make defense at law. The charges given, and the refusal to charge as requested, were duly excepted to, and are now assigned as error.

WATTS & SONS, for appellants.—A mortgage of her statutory estate by a married woman to secure the husband's debt is void, both at law and in equity. This seems to be so well settled on principle, that it is unnecessary to cite authorities.

R. M. WILLIAMSON, contra.—The question is, can a mortgage deed executed by husband and wife in accordance with the requirements of the statute regulating the alienation of such separate estates be avoided at law, on the ground that the consideration of the deed is not such as authorizes such conveyances? In equity the wife has an unquestionable remedy; but in that court she would be compelled to do equity, while the same was meted out to her, and if the debt, or any part of it, was such that her separate estate would be liable for it, she would be required to pay it before the court would grant her relief. Other equities of the grantee might intervene, which would render a decree absolutely annulling the conveyance, inequitable. Husband and wife have a right to convey her separate estate for certain purposes; and it is said that a mortgage of such estate by husband and wife to secure the payment of such articles as the estate would be liable for under the statute, would be

upheld in equity. These considerations make it necessary that a resort to equity should be required to annul her deed, properly executed. Such deed is not void, for the statute authorizes it; it is only voidable when made upon considerations or for a purpose contrary to the statute.—*Weil v. Pope*, 53 Ala. 587; *Wilkinson v. Cheatham*, 44 Ala. 387.

2. In a court of law the grantee in a mortgage, after condition broken, is the absolute owner in fee; before that court, his estate is a conditional fee. In equity the mortgage is regarded as a security only, and when the debt is paid, or the duty performed, which it is made to secure, it may still be valid in law, but its vitality ceases in equity. This as to mortgages of realty; as to personalty the rule would be different, because the title to such property passes by parol. This was the character of the property involved in *Northington v. Faber*, 52 Ala. 45. The action in that case, too, was as near an equitable suit as can be entertained by a court of law.

In *Doe v. Ball*, 7 Ohio (Hammond), 401, it is held that the consideration of a mortgage of realty can not be inquired into in a court of law; and that, too, in a transaction in which it had been determined that the contract was void as against public policy. At law it is not a mortgage; it is a deed—a contract executed.

BRICKELL, C. J.—It is true, as insisted by the counsel for the appellee, that the fraud which at law will vitiate a conveyance as between parties and privies, must relate to its execution, and that no inquiry will be made into the sufficiency of its consideration.—*Swift v. Fitzhugh*, 9 Port. 39; *Morris v. Harvey*, 4 Ala. 300. The question presented, however, is not one of fraud, or of the adequacy of the consideration; it is simply whether husband and wife may by mortgage convey lands, the statutory separate estate of the wife.

The deed of a wife at common law, whether executed by her alone, or jointly with her husband, was so far as she was concerned, and as an instrument of title to her estate, a mere nullity. The husband may by marriage have acquired an interest in the subject of the conveyance, passing by it, if he joined in its execution, but as to the wife, it was without operation. The statutes and the constitutional provision declaring and defining the separate estate of the wife, strip the husband of all the rights in and to the property of the wife, which he would have acquired by marriage at

common law, and leave him without any right or interest which may be conveyed or transferred to another. No conveyance by him of the wife's statutory estate is, as against her, valid in a court of law or in equity.—*Patterson v. Flanagan*, 37 Ala. 513.

The incapacity of the wife to contract, as it was known at common law, has not been removed, though it is to some extent modified. So far as this incapacity is modified, the statute has been regarded as enabling, and the power of contracting, or of disposing of her estate, which she can exercise, must be exercised in the mode which is prescribed. In other words, the wife is *sui juris*—capable of contracting, only so far as the statute confers power.—*Pickens v. Oliver*, 29 Ala. 528; *Alexander v. Saulsbury*, 37 Ala. 375; *Warfield v. Ravisies*, 38 Ala. 518; *Bibb v. Pope*, 43 Ala. 190; *Wilkinson v. Cheatham*, 45 Ala. 337; *Fry v. Hamner*, 50 Ala. 52; *Weil v. Pope*, 53 Ala. 585; *Peeples v. Stolla*, 57 Ala. 53.

The power of disposition of the statutory estate, which the wife alone may exercise, is by will. The power of disposition which husband and wife may jointly exercise is expressed in these words: "The property of the wife, or any part thereof, may be sold by the husband and wife, and conveyed by them, jointly, by instrument of writing, attested by two witnesses," . . . . "The proceeds of such sale is the separate estate of the wife, and may be reinvested in other property, which is also the separate estate of the wife; or such proceeds may be used by the husband, in such manner as is most beneficial for the wife."—Code of 1876, §§ 2707–09. The power conferred is to sell and convey, and it is sometimes held, when by will or deed, a power to sell and raise a sum of money is conferred, that a power to mortgage, which is a conditional sale, is implied. Whether this is true of any particular power, depends on the nature of the case, the intention of the parties, the purposes for which the power is conferred and must be exercised. These may render it certain that a sale only, or as it is sometimes said, a sale out and out is contemplated and intended.—1 Sugden on Powers, 552; *Haldenby v. Spofforth*, 1 Beavan, 391; *Bloomer v. Waldron*, 3 Hill (N. Y.) 361. A mortgage is a security for a debt in a court of equity, and not a sale, though in a court of law, it operates as a conveyance in fee. The statute contemplates a sale—a conversion of the property into something else which is to be held as the separate of the wife, or which may be used by the husband as her trustee for her benefit. The purpose is not merely to raise money, but it is a conver-

sion into proceeds which are to become the wife's separate estate—taking the place of the thing sold. The uniform construction of the power has been that it does not include a power to mortgage.—*Bibb v. Pope, supra; Wilkinson v. Cheatham,* 45 Ala. 337 ; *Fry v. Hamner, supra; Weil v. Pope, supra; Peeples v. Stolla, supra.* True, these were cases in equity, in which the wife was seeking relief against the mortgages, but her *capacity to convey* is no greater at law, than in equity, and it is open to inquiry in the one court as in the other. If she had not the capacity of conveying, no title passed by the mortgage, and the plaintiffs claiming under it were without a right of recovery. The court erred in the charge given, and in the refusal to charge as requested.

Reversed and remanded.

STONE, J., not sitting.