# Jones *v.* Lockard.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Vendor's lien; transfer by delivery; purchase or payment.*—Under statutory provisions (Code, § 1764), a vendor's lien on land, for the unpaid purchase-money, passes to a transferree of the purchaser's notes by delivery merely, without indorsement or assignment in writing; and if the complainant, seeking to enforce a vendor's lien, acquired the notes by purchase from the vendor, he may assert the lien; but not when he advanced the money as a loan at the instance and request of the purchaser, to whom the notes were surrendered, and by whom they were afterwards placed in the hands of the complainant, the amount so paid being charged in his running account for advances, which was secured by a mortgage on other property.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 8th August, 1888, by A. T. Lockard against Jacob Jones, and sought to enforce a vendor's lien on land, to the amount of $155, paid by the complainant on or for the balance due on the two notes last maturing. The land was bought by said Jones from one W. T. Rast, in October, 1879, several notes being given for the purchase-money, most of which were paid at or about maturity. In January, 1881, when the last note matured, a balance of $55 being also unpaid on a former note, the complainant advanced the money to Rast, as the bill alleged, at the instance and request of the defendant, with the understanding that he was to have and retain a vendor's lien on the land, for the amount so paid; and he alleged that the notes, with the others which had been previously paid, were thereupon delivered to him by Jones as collateral security, and to enable him to enforce the lien. The defendant, in his answer, admitted the payment of the money to Rast as alleged, but denied any agreement or understanding for the retention of a vendor's lien; and alleged, on the contrary, that the money was advanced for him as a loan by the complainant, and charged in his running account for advances, which was secured by a mortgage on his crops and other

[Jones v. Lockard.]

property; that the notes were surrendered to him when so paid, and were afterwards placed by him, with other papers, in the hands of the complainant for safe-keeping. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant; and his decree is here assigned as error.

GARDNER & WILEY, for appellant.

·GAMBLE & BRICKEN, *contra.*

SOMERVILLE, J.—It is plain that the case turns on the question of fact, whether the notes, which are claimed to be a vendor's lien on 'the land, were *purchased* by the complainant, or were merely *paid* by him at the defendant's request. If he merely advanced the money by way of loan to pay them, he acquired no right to enforce the lien. If he became the transferree of them by purchase, whether verbally or in writing, he did acquire such right.—*Pettus v. McKinney*, 74 Ala. 108; s. c., 56 Ala. 41; *Weaver v. Brown*, 87 Ala. 533; Code, 1886, § 1764.

In our opinion, the decided preponderance of the evidence is favorable to the conclusion, that there was no agreement for a purchase or transfer, express or implied. Excluding all hearsay testimony in the case, which should exert no influence on our finding, we are satisfied that the complainant fails to show himself a transferree by purchase. Julius Rast, who represented the payee, his father, in negotiating the transaction, denies any such agreement or understanding. He testifies to a mere payment, not to a purchase. The defendant swears to the same thing. The notes were delivered to the defendant, and not to the alleged purchaser; and the defendant asserts that his understanding was, that they were left only for safe custody with the complainant. This is further corroborated by the fact, that the complainant charged the sum paid ($155.00) as so much advanced on his running account for the year against the defendant, which was secured by a mortgage on the defendant's crop and other personalty. This mortgage would have been itself a waiver of the lien, unless there had been an agreement to the contrary between the contracting parties.

The chancellor erred in the conclusion reached by him, to the effect that the complainant was the transferree of the notes by purchase. His decree is reversed, and a decree will be rendered in this court, dismissing the bill,

Reversed and rendered.