143 So. 829

**SCHWAB v. ESTES LUMBER CO. et al.**

6 Div. 123.

Supreme Court of Alabama.

Oct. 13, 1932.

William Vaughan, of Birmingham, for appellant.

[1] 224 Ala. 590.

Smyer & Bainbridge, all of Birmingham, for appellees.

THOMAS, J.

This was a bill to enforce materialman's lien on a church building, with several interventions in said cause, and answers thereto. A petition was filed for consolidation and decree of reference and appointment of a special master to take testimony and report to the court his findings. The report of the register and special master was confirmed by the decree of the court.

The appeal was by the mortgagee, Schwab, alone. The report as to the mortgagee's rights, priority, and subordination was:

"(a) That the amount owing by the respondent, St. Luke's African Methodist Episcopal Church of East Birmingham, to the respondent, H. J. Schwab, as mortgagee, is $4145.26.

"(b) That the said H. J. Schwab holds a mortgage upon the premises described in the original bill of complaint to secure the indebtedness due him as mortgagee, the same being dated August 29, 1930, and filed for record September 2, 1930. The work upon the church building had commenced at the time of the execution of said mortgage.

"(c) That the amount due W. A. and W. E. Meeks under their written contract for the erection of the church building is $1605.94, the lien claim having been filed December 26, 1930.

"(d) That the amount of the other unpaid claims for labor and material due, by said St. Luke's African Methodist Episcopal Church of East Birmingham, together with the means of the owners of such claims are as follows, to-wit." etc.

The respective amounts due the several complainants and interveners are specifically stated, together with the date the lien claim was filed in the probate office.

The several claims of W. A. and W. E. Meeks and Watkins Brick Company are declared subordinate to the mortgage, and those of Griffin Lumber Company, Estes Lumber Company, Virginia Bridge Company, Joe Shoop, Electric Contracting Company, Grayson Lumber Company, Redmont Lumber & Mill Work Company, Brooks Electrical Company, Wegent Transfer Company, H. C. Brown, and C. S. Peacock, are decreed to be of equal dignity, and superior to the mortgage and the claim of Watkins Brick Company, and that of W. A. and W. E. Meeks.

The decree provided that said parties at interest may bid at the sale under the rule of priorities declared, if the respondent church failed to pay into the registry of the court the amount of $11,778.98, the whole amount of said liens.

It is declared in this court, under the statutes and former decisions, that a lien of the mortgage on the land, created, executed, and recorded prior to the furnishing by contract of material by a materialman, is prior as to the land, since the statutory lien in such case cannot take priority from the actual commencement of the building or improvement, nor at any other time anterior to the contract under which the materials are furnished. Section 8833, Code; Grimsley v. First Ave. Coal & Lumber Company, 217 Ala. 159, 115 So. 90; Becker Roofing Company v. Wysinger, 220 Ala. 276, 124 So. 858; Benson Hardware Co. v. Jones, 223 Ala. 287, 135 So. 441; Grayson v. Goolsby, 224 Ala. 75, 139 So. 106; Welch v. Porter, 63 Ala. 225; Wimberly v. Mayberry & Co., 94 Ala. 240, 10 So. 157, 14 L. R. A. 305; First Ave. Coal & Lumber Company v. King, 193 Ala. 438, 69 So. 549; Jackson v. Farley, 212 Ala. 594, 103 So. 882; Leftwich Lumber Co. v. Florence Mutual Building, Loan & Savings Association, 104 Ala. 584, 18 So. 48.

█ It is apparent from the foregoing authorities, that the lien of the mortgage is prior on the land to all claimants whose

454

contracts were consummated and materials furnished and used subsequent to the execution and due recordation of the mortgage of appellant. The case of Welch v. Porter, supra, sustains this proposition, and was cited with approval in Wimberly v. Mayberry & Co., supra; and these cases were followed in Becker Roofing Co. v. Wysinger, supra; Central Lumber Co. v. Jacks, 222 Ala. 475, 476, 477, 132 So. 721.

The evidence shows that appellees Estes Lumber Company, Griffin Lumber Company, and Virginia Bridge Company, by contract, furnished defendant (mortgagor) material, which was incorporated in the building, prior to the date of the mortgage of appellant, and that the latter had knowledge or due notice that appellee Estes Lumber Company had furnished material to such defendant (later mortgagor), and was claiming the statutory lien therefor. It results that there was no error of the trial court as to the decree rendered in favor of Estes Lumber Company for the enforcement of its lien against the land and the building or improvement erected thereon, unless there was subrogation for payment of other prior claims and liens within the rule and inference of the equitable doctrine now to be considered.

█ The case of Brasher v. Grayson, 217 Ala. 674, 117 So. 301, was adjudged by its "own complicated facts" where the infant was trying to disaffirm the contract, defeat the materialman's lien, and have the improved property cleared thereof; and there was no intervening equity or controversy as to priorities of the mortgage and successive liens, as are the facts of this case. And in Woodruff v. Satterfield, 199 Ala. 477, 74 So. 948, 949, the court observed that a party, "paying off prior liens or mortgages on real estate," is entitled to be subrogated to the "rights of such prior lienholder." These cases are not applicable here, for the evidence shows that appellant made a "general loan" to the church and its governing authorities, knew they were to generally disburse the moneys so furnished, and did not rely upon the right of subrogation, but that of the security on the land, etc., and is not shown or "presumed" to expect or be entitled to subrogation. Shaddix v. National Surety Co., 221 Ala. 268, 128 So. 220. See, also, as to "general loans," 25 R. C. L. 1351; 41 C. J. 531, 532; Jones v. Lockard, 89 Ala. 575, 8 So. 103; Fry v. Hamner, 50 Ala. 52.

There was no error in the decree in favor of the Estes Lumber Company, Griffin Lumber Company, and Virginia Bridge Company, and their priorities declared.

█ The fact that certain of the materialmen claimants subordinated or waived priority of their liens to the mortgagee's lien, thereby likewise subordinated them to the lien of other superior lien claimants that have priority over such mortgage. Shaddix v. National Surety Company, supra. This applies to the waiver of priority by Watkins Brick Company and that of the contractor Meeks. The intentional relinquishment of superior right or priority to the mortgage is clearly shown by the evidence. Corinth State Bank v. First Nat. Bank of Florence, 217 Ala. 632, 117 So. 216. And in this respect the decree of the circuit court is affirmed.

It is further established that liens of laborers and materialmen do not have priority in order of filing, "but stand on equal footing" as among such class of lienholders (section 8833, Code; LeGrand v. Hubbard, 216 Ala. 164, 166, 112 So. 826); and that a different rule applies as affecting the right and title of a prior mortgage (Leftwich Lumber Co. v. Florence Mut. B., L. & S. Ass'n, 104 Ala. 584, 588, 18 So. 48) or prior equitable assignee. Dixie Lumber Co. v. Young, 203 Ala. 115, 82 So. 129.

█ It follows that the general rule of "equal standing" among such lienholders cannot advance the Grayson and other liens, contracted and delivered subsequent to the mortgage and its due record, without impairing the obligation of the mortgage contract as to the lien on the land, and thereby invade the constitutional right of such mortgagee.

The case should be retried on the rule we have indicated as to the priorities of liens upon the land, and the judgment of the circuit court is reversed at the cost of the appellees litigating on this appeal, viz., C. H. Grayson, doing business as Grayson Lumber Company, and Redmont Lumber & Mill Work Company.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.