180 So.2d 259

**FRIDAY LUMBER COMPANY, Inc., et al.**

v.

**J. Frank JOHNSTON et al.**

**2 Div. 478.**

Supreme Court of Alabama.

Nov. 18, 1965.

Turner & Turner, Tuscaloosa, for appellants.

S. W. H. Williams, Jr. and Chas. L. Kerr, Greensboro, for appellees Johnston.

G. E. Sledge, Greensboro, for appellee Peoples Bank.

MERRILL, Justice.

Appeal from a declaratory judgment action filed by Frank and Eva Johnston against Brady S. Bamberg, Metropolitan Life Insurance Company, Peoples Bank of Greensboro and numerous laborers and suppliers of materials, including appellants seeking a determination of the balance due under a building contract between the Johnstons, joint owners, and Bamberg, the contractor, and a construction of the mechanics and materialmen statutes.

The Johnstons, husband and wife, contracted with Bamberg to build a dwelling on their property for $20,000, payable in three installments of $6,666.67 each at various stages of completion. Construction began about March 23, 1964. On April 11, the Johnstons executed a mortgage on the property to Metropolitan Life Insurance Company for $25,000. Appellees received $10,000 of this loan and the company in retaining the balance pending the outcome of this suit. All the other respondents except Peoples Bank furnished labor and/or material on and for the dwelling.

The first two installments of $6,666.67 were paid by the Johnstons to Bamberg on April 11 and May 6, leaving the last installment of $6,666.66 to be paid, and this suit seeks to determine who should receive this final payment.

On May 23, 1964, Bamberg obtained a loan from Peoples Bank for $4,000 on his note; but the bank required that appellee Frank Johnston be responsible for the indebtedness. Johnston executed the following instrument and it was given as collateral for the loan:

"5-23-64

"To Whom it may concern

"This is to certify that I will pay Brady Bamberg $6666.66 on or about June 20th

1964 as final payment on my house construction.

' "I will make this check payable to Brady Bamberg and The Peoples Bank of Greensboro.

J. F. Johnston."

The president of the bank handled the loan and knew that Bamberg had contracted to build the house for the Johnstons and that it was under construction. No notices of lien had been filed when this loan was made.

Between June 17 and July 27, four of the respondents filed separate claims of lien amounting in aggregate to more than $4,-000. These liens were perfected and each of the four respondents filed an answer and cross-bill seeking establishment of its liens. When the first notice of claims of lien was received, Mrs. Eva Johnston told the bank that they (the Johnstons) would not be liable for more than the $4,000 already loaned to Bamberg.

Bamberg abandoned work sometime in July and the Johnstons had to spend $975.37 completing the job.

One materialman, Russell S. Lee Floor and Tile Co., is in a different position from the other lien claimants. It notified the Johnstons that it would not put any of its material or labor into the construction unless they (the owners) would promise to pay the price ($1,500) which had been agreed on between the Lee Company and Bamberg. The Johnstons agreed to pay and Bamberg approved.

The trial court, after hearing the testimony, rendered a decree in which Peoples Bank was awarded a personal judgment against Frank Johnston for $4,000, plus interest and attorneys' fees as requested in the bank's cross-bill, held this transaction to be a novation, ordered this amount to be credited against the unpaid balance in the hands of Johnston, decreed that Russell S. Lee Floor and Tile Co. were entitled to their full $1,500 out of the balance retained by the Johnstons, decreed that the Johnstons were entitled to the $975.37 that they used in completing the house and, since that accounted for all the money in the unpaid balance owed to Bamberg, the other materialmen (including the appellants) were not entitled to recover whether their liens had been perfected or not, and their claims were denied.

Appellants agree that the sum required to complete the dwelling ($975.37) was properly deducted from the balance of $6,-666.66 in the hands of the owners, Standard Sanitary Mfg. Co. v. Aird, 221 Ala. 520, 129 So. 285 [8] Adams Supply Co. v. United States Fidelity & Guaranty Co., 269 Ala. 171, 111 So.2d 906; but they contend that the remainder, $5,691.29, is the balance owed to the contractor and is subject to the liens of the appellants.

■ We consider first the $1,500 allowed Russell S. Lee Floor and Tile Company. The Lee Company did not stand in the position of the other materialmen. It would not install its materials on the credit of the contractor · but demanded that the owner assume the responsibility for payment. Both the owner and the contractor agreed, and thus the Lee Company actually became a contractor for that amount and the original contract between the Johnstons and Bamberg was reduced by that amount.

■ Title 33, § 37, as amended, Code 1940, gave the Lee Company a lien on the property since its contract was with the owner. We paraphrase a statement in Standard Sanitary Mfg. Co. v. Aird, 221 Ala. 520, 129 So. 285 [7] [9]. The agreement in favor of the Lee Company was given before the materials were furnished, and were then furnished upon the strength of the agreement by the owner to pay the amount to this materialman. This was doubtless intended to, and did, accomplish the same result as if the materialman had given notice before furnishing the material, and the owner had failed to notify the materialman that he would not be responsible for the price, all as provided in Tit. 33, § 37. The result of the arrangement was to constitute the Lee Company as original

contractor. The notice, therefore, required by Tit. 33, § 46, to be given by all persons other than original contractors, was not required of Russell S. Lee Floor and Tile Company. * * * The effect of this arrangement between the owner, the Lee Company and Bamberg was to withdraw the $1,500 from the status of unpaid balance due Bamberg by the owner, upon which materialmen and laborers could fasten a lien by the notice provided in Tit. 33, § 46.

■ The trial court properly charged the $1,500 to the unpaid balance in the hands of the owner. Applying this conclusion, the result is a balance of $4,191.29 ($5,691.29 less $1,500).

We consider next the allowance of the $4,000 to Peoples Bank. Under the pleadings and proof, we think the trial court correctly entered a personal judgment in favor of the bank against appellees for the face of the $4,000 note, plus interest and attorneys' fees. But we disagree with the holding of that court that "a novation was accomplished and the amount of the indebtedness which the said owner Johnston has become liable for under the decree rendered against him * * * extinguishes pro tanto his contract obligation to that extent to the said Brady S. Bamberg for the labor and material to construct the improvements on the property of Complainants (the Johnstons) * * *."

■ To establish a novation there must be (1) a previous valid obligation; (2) an agreement of all the parties thereto to a new contract or obligation; (3) an agreement that it is an extinguishment of the old contract or obligation, and (4) that the new contract or obligation was a valid one between the parties thereto. Hopkins v. Jordan, 201 Ala. 184, 77 So. 710; Butler v. Walton, 36 Ala.App. 319, 56 So.2d 369. The requirement of (3) supra is lacking. There is no evidence of the extinguishment of the old contract. The owner still owed Bamberg the balance of $6,666.66. He agreed to make the check payable to both Bamberg and the bank. This in nowise

extinguished the debt or discharged the owners' liability to Bamberg. There is no evidence that the owners' payment to the bank should be treated as payment to Bamberg. Actually, this agreement to make joint payees on the check was merely collateral to the note Bamberg had executed to the bank.

■■ The mere acceptance of an order or the making of a promise to pay the new creditor does not, without more, effect a novation. Standard Sanitary Mfg. Co. v. Aird, 221 Ala. 520, 129 So. 285; and that case also says that if the owner pays the new creditor (here, the bank) out of the balance due the contractor, when there has been no agreement that the debt has been extinguished to that extent, "and the payment is made after notice served on him by other lienors, who thereby fix a lien on the fund in his hands as of the date of the beginning of the structure, he likewise does so at his own risk."

It is true that none of the lienors had filed notice with the owner at the time Bamberg borrowed the $4,000 from the bank, but the lienors had filed their notices prior to the time the owner had paid out the unpaid balance. Also, there was no evidence as to how Bamberg spent or used the $4,000.

■ Commencement of the work on the dwelling, a matter open to the observation of all, and known to the president of the bank who handled the transaction, is fixed as the event and the time when third persons are charged with notice that, on compliance with the terms of the mechanics and materialmen statute, liens will accrue against the building in favor of those whose labor and material bring it into being. Le Grand v. Hubbard, 216 Ala. 164, 112 So. 826.

■ And Tit. 33, § 38, gives the holders of these liens priority over "incumbrances created subsequent to · the commencement of work on the building or improvement." Thus the appellants, having given the required notice and properly filed their liens

before the owners paid the balance owed to Bamberg, had priority over the bank in the "unpaid balance in the hands of the owner" which was due Bamberg, the original contractor. Tit. 33, § 46, and authorities supra.

Appellees cite Dixie Lumber Co. v. Young, 203 Ala. 115, 82 So. 129, as supporting the trial court's order. Not only are the facts in that case and the instant one distinguishable, but this court, in Le Grand v. Hubbard, 216 Ala. 164, 112 So. 826, discussed the Young case and the Mississippi case on which it was based and showed that Mississippi had no statute similar to our Tit. 33, § 38, and states:

"That the owner is free to carry out his contract with his contractor and make payments to him, or on his order pursuant thereto, until the statutory notice is given, does not strike out or render nugatory the other provisions giving a potential lien, which, upon notice to the owner, dates back to the commencement of work as against outside liens and incumbrances."

We conclude that the trial court erred in reducing the unpaid balance in the hands of the owners by the amount of $4,000 to satisfy the note Bamberg had given to the bank. Certainly, the owners were entitled to setoff this amount against what they owed Bamberg, but they were not entitled to pay it out of this particular fund (the unpaid balance) because the appellants' claims on this fund were superior to that of the bank. This is illustrated by another quotation from Standard Sanitary Mfg. Co. v. Aird, 221 Ala. 520, 129 So. 285:

"It is clear that if the owner had paid the original contractor for the structure before steps were taken to fasten a lien upon any unpaid balance due by him, he would be protected as

against the attempted creation of liens by materialmen thereafter made. But so long as there remains any portion of this amount unpaid, such a lien may be created upon it by complying with the statute. Section 8840, Code. (Tit. 33, § 46, Code 1940). When so created, it takes precedence over liens of a different nature which accrued on the fund subsequent to the beginning of the structure. The foregoing principles are stated in the case of Le Grand v. Hubbard, 216 Ala. 164, 112 So. 826."

Appellees filed a motion to dismiss the appeal, but the grounds assigned therefor are without merit and require no discussion.

The decree is affirmed as to the allowances of the sum of $975.37 allowed the owners for the cost of completing the dwelling after the contractor abandoned the construction, and as to the $1,500 to Russell S. Lee Floor and Tile Company out of the unpaid balance, and as to the personal judgment in favor of Peoples Bank of Greensboro against the owners for the amount of the note plus interest and attorneys' fees, but is reversed as to that part of the decree which permitted the unpaid balance in the hands of the owners to be reduced by the sum of $4,000, plus interest, in favor of the bank, and reversed as to that part of the decree dismissing the claims of appellants. Upon remandment, the circuit court will first apply the unpaid balance of $4,191.29 to the satisfaction of appellants' liens, because they have a superior claim over the bank to that fund by virtue of their perfected liens on the unpaid balance.

Affirmed in part, reversed in part and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.