184 So.2d 155

**Will BOYETT**

v.

**Albert Odell TINDELL et al.**

4 Div. 232.

Supreme Court of Alabama.

March 10, 1966.

Dye & Joanos, Tallahassee, Fla., for appellant.

H. K. & J. F. Martin, Dothan, for appellees.

LAWSON, Justice.

Appellant filed a bill in the Circuit Court of Houston County, in Equity, against appellees and two other persons. After demurrer was sustained to his original bill, appellant filed a substitute bill against appellees alone. The substitute bill sought to have the court determine a boundary line between lands of appellant and appellees and declare that appellant had a fifteen-foot easement over appellees' land.

Appellees answered the substitute bill after their demurrer interposed thereto was overruled. Following a hearing wherein the testimony was taken ore tenus, the trial court on March 26, 1964, rendered a decree wherein the boundary line between the lands of the parties was determined and a survey ordered to fix the boundary line as decreed. The court, however, decreed that appellant was not entitled to an easement over the land of appellees.

The appellees, on April 14, 1964, filed an application for rehearing. On May 12, 1964, the trial court rendered a decree setting aside the decree of March 26, 1964, insofar as it established a boundary line but did not disturb that decree insofar as it denied the easement sought by appellant. The decree of May 12, 1964, contained the further provision " * * * that the parties hereto may take further testimony pertaining to the boundary line between the parties in this cause and submit the same to the Court for further consideration within ninety days from this date."

 

On June 1, 1964, appellant filed a motion to set aside the decree of May 12, 1964.

On August 26, 1964, the trial court rendered a decree wherein the motion filed by appellant on June 1, 1964, was denied. The decree of August 26, 1964, contained the following provisions:

"And it further appearing to the court that by the terms and conditions of the said decree rendered on the 12th day of May, 1964, the parties to this cause were allowed 90 days from the date of the said decree to take further testimony pertaining to the boundary line between the adjoining properties belonging to the respective parties in this cause and submit the same to the Court, and,

"It further appearing to the Court that no action whatsoever was taken by any of the parties to this cause within the said 90 days so allowed, now, therefore,

"It is ORDERED, ADJUDGED AND DECREED BY THE COURT that the aspect of the bill of complaint as pertaining to the establishment of a boundary line between the adjoining properties of the respective parties be, and the same is hereby, dismissed out of this Court.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that, except for the aspect of the said cause pertaining and relating to the establishment of a boundary line between the adjoining properties of the respective parties to this cause, that the decree of the Court heretofore rendered on the 26th day of March, 1964, and the amended decree rendered on the 12th day of May, 1964, shall be, and they are, hereby continued in force and effect."

On September 15, 1964, appellant filed a motion to set aside the decree of August 26, 1964, and to grant a rehearing. The court, by decree rendered on October 15, 1964, denied the motion or application for rehearing.

On March 5, 1965, appellant gave notice of appeal "from the final decree rendered in this cause on, to-wit, the 15th day of October, 1964," and on the same day gave bond to secure costs of appeal from the decree of October 15, 1964.

The decree of October 15, 1964, is not appealable. It is not a final decree and it in no wise modifies any former decree. It is simply a decree denying an application for rehearing, which will not support an appeal. —Equity Rule 62; Norris v. Norris, 276 Ala. 171, 160 So.2d 10; Ogle v. Ogle, 270 Ala. 201, 117 So.2d 191.

It follows that the appeal must be dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.