217 So.2d 923

GAMBLE'S, INC.

v.

KANSAS CITY TITLE INSURANCE
COMPANY.

3 Div. 351.

Supreme Court of Alabama.

Jan. 23, 1969.

**410**

Hill, Robison, Belser & Phelps, Montgomery, for appellant.

Jones, Murray, Stewart & Varner, Montgomery, for appellee.

BLOODWORTH, Justice.

Appellant, Gamble's, Inc., has filed an appeal from a ruling of the circuit court of Montgomery County, in equity, denying its judgment for materialman's lien priority over a recorded mortgage of the appellee, Kansas City Title Insurance Company, and also from the trial court's order denying appellant's motion for rehearing.

Appellee has filed a motion in this court to strike the transcript and dismiss the appeal.

The facts are that appellant on October 5, 1964 obtained a judgment in the circuit court of Montgomery County, Alabama, against Frontier, Inc., and Mollie C. Ginsberg in the amount of $2,326.91. A mechanic's lien was imposed in favor of appellant against a parcel of real estate located in Montgomery County, Alabama, referred to as "Lot C–1" by virtue of appellant's supplying labor and materials (ornamental iron for stairways and railings), which were incorporated in an addition to "Continental Motel" under a contract with the then owners of the land, Frontier, Inc. The first invoice under which appellant furnished ornamental iron is dated May 1, 1963, and the record shows that, although

appellant had done some fabricating at its plant on or about April 18, 1963, the first delivery to the building site was on May 1, 1963, but appellant was unable to prove the exact hour of delivery.

Frontier, Inc., mortgaged said property to City Federal Savings & Loan Association, its mortgage being dated April 27, 1963 and filed for record May 1, 1963, at 10:30 a.m. Subsequently, the mortgage was foreclosed by City Federal, bought in by the mortgagee, and on February 24, 1964, City Federal conveyed the property to the appellee. At the time the mortgage was executed, construction on the addition had already commenced.

After a hearing the trial court made and entered its decree dated May 31, 1967, denying relief to the appellant. The trial court based its denial of relief to appellant on the following:

"* * * The evidence does not show any delivery of materials prior to 10:30 a.m. on May 1, 1963. *Work done away from the building site, even though later delivered to and incorporated in the building, is not sufficient to create priority on the materialman over the mortgage under the facts in this case.*" [Emphasis supplied.]

A motion for rehearing was timely filed by appellant on June 16, 1967, continued by the judge below to July 21, 1967, then to August 10, 1967, when an order was made: *Motion continued for 30 days for disposition for filing additional briefs.*

The record shows no further order within this thirty-day period. Motion for rehearing was overruled by the court on October 9, 1967. Notice of appeal was filed February 7, 1968.

In an effort to relate its appeal to the order overruling the motion for rehearing, appellant filed what it called a "Petition for Instructions" asking the court to clarify the record of the proceedings to show that the motion for rehearing was argued and submitted on August 10, 1967. The court entered an order February 1, 1968, that it

"does recall and takes judicial notice that the said motion for rehearing was * * * argued and submitted to the Court on August 10, 1967 * * *."

It is from the court's final decree of May 31, 1967, and the decree on rehearing of October 9, 1967, that this appeal is taken.

■ No argument or assignment of error relating to denying motion for rehearing is presented—and properly so, because there is no appeal therefrom. Rule 62, Equity Rules; Boyett v. Tindell, 279 Ala. 248, 184 So.2d 155.

### *Motion to Strike Transcript—Improper Record*

■ Appellee's motion to strike the transcript and dismiss the appeal is based on grounds that the appeal was taken more than six months after the final decree, and does not comply with the rules governing the preparing of the record as required by Title 7, §§ 767, 827(1), Code of Alabama, 1940, as amended. See, Northwestern Mutual Life Ins. Co. v. Workman, 283 Ala. 127, 214 So.2d 690.

After the motion of appellee was filed in this court, appellant (apparently confessing its efficacy as respects the improper record) filed a petition for certiorari under Rule 18, Revised Rules of the Supreme Court, 279 Ala. XXI, XXX, to perfect the record before submission. This petition was granted July 8, 1968, all the Justices concurring. Demurrers to the petition, filed July 9, 1968 by appellee, were never acted on. Whereupon, on July 15, 1968, a petition was filed herein by appellee to vacate the order of this court of July 8, 1968 granting certiorari. The petition was denied on July 22, 1968, five of the Justices concurring.

Subsequently, on July 31, 1968, certain exhibits were refiled in this cause, another

register's certificate of the record and court reporter's certificate were filed. The certificate of appeal and notice of appeal were also corrected.

It, therefore, appears at this time that the motion to dismiss because of an alleged improper record is moot, as the alleged errors and irregularities have been corrected and the record returned to this court by the court below.

### Motion to Dismiss—Appeal not timely filed

Appellee contends that the trial court's order of August 10, 1967 gave thirty days for submission of briefs and no order thereafter being made to continue the cause or indicating it was submitted to the court, a discontinuance of the motion was effected and the court lost jurisdiction to make its order of October 9, 1967 overruling the motion for rehearing. Therefore, appellee argues, the appeal must be dismissed as having been taken more than six months after the rendition of the final decree. Title 7, § 788 et seq., Code of Alabama 1940. Appellee admits that the time for appeal may be suspended pending a timely ruling on an application for rehearing in conformance with Equity Rule 62, but appellee contends the application for rehearing was not kept alive by appropriate orders of the court below until it was ruled on, on October 9; 1967. Appellee cites Moving Picture Machine Operators Local No. 236 v. Cayson, 281 Ala. 468, 205 So.2d 222, a decision in which the rules applying to rehearings in equity are discussed at length.

In view of the result we reach on the merits, we pretermit consideration of the motion to dismiss the appeal as not timely filed.

### Merits of the Case

Here the question is: Does a materialman's lien have priority over a mortgage executed after commencement of work by the materialman at his shop though not delivered or furnished to the building site until subsequent to the recording of the mortgage but where the mortgagee had access to plans and specifications showing the material was to be incorporated in the completed building?

Section 38, Title 33, Code of Alabama 1940, states that the mechanic's or materialman's "lien as to the land and buildings or improvements thereon, shall have priority over all other * * * mortgages * * * created subsequent to the commencement of work on the building or improvement; and as to * * * mortgages * * * created prior to the commencement of the work, the lien * * * shall have priority only against the building or improvement, the product of such work which is an entirety, separable from the land, building or improvement subject to the prior * * * mortgage * * * and which can be removed therefrom without impairing the value or security of * * * [the] prior * * * mortgage * * *."

In this case, the evidence is that the mortgage was filed for record at 10:30 a. m., May 1, 1963. Complainant was unable to prove the exact hour when its first material was delivered to the construction site on May 1st. Since the materialman has the burden of proof, it seems clear that the mortgage was filed for record before delivery of the first material to the construction site.

But, complainant contends (as it did in the court below) that "commencement of work on the building or improvement" within the meaning of the above-quoted lien statute, means commencement of the work wherever it occurred. Therefore, when it proved that it commenced fabrication of the iron work at its shop on April 18th (prior to execution and recordation of the mortgage), it complied with the above-quoted portion of the statute and is entitled to priority. Complainant states, in its brief, "it is immaterial whether or not the * * * work was being done on the job site."

In an opinion of this court, Polakow v. Rumsey, 242 Ala. 365, 6 So.2d 477, we wrote:

> "'In this jurisdiction it is declared that the mechanic's lien attaches and has priority over mortgages and other incumbrances given or recorded and attaching after the building or improvement was commenced. * * * And it is established that as against mortgages and trust deeds a mechanic's lien takes precedence according to the time when it attached to the property in its improvement. * * * And that when the property is subject to a mortgage or other incumbrance at the time of the accrual of a mechanic's lien, such incumbrance retains its priority. * * *'"

In Becker Roofing Co. v. Wysinger, 220 Ala. 276, 124 So. 858, it is said that the material lien "is subordinate to a mortgage executed and recorded prior to the contract for material used * * *."

In Schwab v. Estes Lumber Co., 225 Ala. 452, 143 So. 829, we stated that "the mortgage on the land, created, executed, and recorded prior to the furnishing by contract of material by a materialman, is prior * * * since the statutory lien in such case cannot take priority from the actual commencement of the building or improvement, nor at any other time anterior to the contract under which the materials are furnished."

There are numerous references in the cases similar to the following: "Commencement of the work * * * a matter open to the observation of all * * * is fixed as the event and time when third persons are charged with notice that * * * liens will accrue * * *." Friday Lumber Company v. Johnston, 278 Ala. 661, 180 So. 2d 259; Sturdavant v. First Ave. Coal & Lumber Co., 219 Ala. 303, 122 So. 178.

■ But, we think it clear beyond cavil that the "commencement of the work" referred to in these cases, and others, means that the material for which a lien is sought must either have been incorporated into the building or improvement on the land, or the materials must have been furnished therefor at the construction site. We do not, however, decide whether mere delivery to the construction site is sufficient as it is not necessary for a determination of this case.

■ We also are of the opinion that the cases above referred to with respect to "notice" obviously refer to that kind of notice which is "open to the observation of all." Friday Lumber Co. v. Johnston, supra. And that such "notice" insisted upon by complainants as would be detected from perusing the plans and specifications is not such sufficient "notice" to put the mortgagee in this case to inquiry. Surely, a prospective mortgagee should not be burdened with the responsibility of going throughout a city to determine if anyone were in the process of fabricating any material or improvement for property before it could safely lend money on the security of the real estate.

We have been cited to no case by complainant holding that use of plans and specifications by a mortgagee in making its appraisal prior to execution of a mortgage is "notice" to it of prospective liens which might accrue and become perfected against the property on account of what is in the plans and specifications. We do not believe this to be the law.

Appellant's supplemental brief argues that our very recent case of Nelson Weaver Mortgage Company v. Dover Elevator Company, 283 Ala. 324, 216 So.2d 716, governs the case at bar. We have carefully examined the transcript of the record and opinion in the Nelson Weaver Mortgage Company case, and conclude it is distinguishable from the instant case, in that the evidence there disclosed that Dover Elevator Company had delivered and incorporated certain materials into the building prior to the time the mortgage was recorded.

To summarize, we believe that the lien accrued and attached in this case when the same was delivered to and furnished for the building on the subject property on May 1, 1968. And, complainant failing in its burden of proof to show that its delivery to the building site was prior in time to the lien of the mortgage, it is therefore subordinate thereto, and the trial court ought to be, and is hereby, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.