**In re Donald Edward NEYLON, Jr., Charmaine Beatrice Neylon, Debtors.**

**Bankruptcy No. 80–00546.**

United States Bankruptcy Court, S. D. Alabama.

Feb. 1, 1982.

Lionel Williams, Mobile, Ala., for trustee.

Ralph Loveless, Mobile, Ala., for Bayou Concrete Co., Inc.

## ORDER ON OBJECTION TO CLAIM

WILLIAM G. CAFFEY, Jr., Bankruptcy Judge.

At Mobile in said District on the 1st day of February, 1982, before Will G. Caffey, Jr., Bankruptcy Judge:

This matter having come on for hearing upon the Objection of the Trustee, Douglas Taylor, to the claim of Bayou Concrete Company, Inc., being Claim No. 21 in the amount of $4,121.68; due notice of said hearing having been given; and evidence having been submitted;

Now, therefore, the Court finds, concludes and orders as follows:

## FINDINGS OF FACT

On July 11, 1980, the debtors filed a petition under Chapter 7 of the Bankruptcy Code. Douglas Taylor is the duly appointed, qualified and acting Trustee of this estate.

Bayou Concrete Company, Inc., for and on behalf of the debtors, delivered concrete to the following described property:

Commencing at the Southwest corner of Section 7, T–5–S, R–2–W Mobile County, Alabama; thence S89° 55′26″E 40.0 feet to a point on the East right of way line of Schillinger Road; thence North and along said East right of way line 25.0 feet to the point of beginning; thence continue North and along said East right of way line 25.0 feet to a point; thence S89° 55′26″E 285.53 feet to a point; thence N35° 19′29″E 82.11 feet to a point; thence N69° 46′31″E 175.02 feet to a point; thence S80° 33′12″E 70.0 feet to a point; thence S00° 04′34″ 141.38 feet to a point; thence North 89° 55′26″W 566.10 feet to the point of beginning. Containing 0.93 acres more or less.

The deliveries of concrete were made on the following dates:

| Date | Purpose |
|---|---|
| March 17, 1980 | Footings |
| May 2, 1980 | Slab |
| May 7, 1980 | Patio |

The total cost of the concrete was $4,121.68.

On July 24, 1980, Bayou Concrete Company, Inc., filed a Statement of Lien against the property to which delivery was made in

the Office of Judge of Probate of Mobile County. On October 28, 1980, Bayou filed a Complaint in the Circuit Court of Mobile County against Charmaine B. Neylon and Tammie Jean Neylon seeking satisfaction of the claimed lien. The debtors' schedules reflect that Donald E. Neylon, Jr., transferred his interest in the property at issue to Charmaine B. Neylon and Tammy Neylon on an unspecified date.

## CONCLUSIONS OF LAW

The Trustee has objected to Claim No. 21 on the grounds that the claim was filed as secured and that the concrete was poured for a planned residence which was never completed.

Bayou has argued that it followed the lien perfection requirements of Section 35–11–213, Code of Alabama (1975), within the six-month time limit of Section 35–11–215, and that under Alabama law, the filing of the lien within the statutory period relates back to the commencement of the work.

Under Section 546(b), Bankruptcy Code: "(b) The rights and powers of the trustee under section 544, 545 or 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement."

■ In Alabama a materialman's lien attaches from the commencement of the building or construction. Section 35–11–210, Code of Alabama (1975); *U. S. v. Albert Holman Lumber Co.*, 206 F.2d 685 (5th Cir. 1953).

Completion of the building or structure is not required by the statute.

The lien described in Section 35–11–210 will be lost unless a verified statement of lien is filed in the Office of the Judge of Probate of the applicable county within six months after the last item of work or labor has been performed or the last item of material has been furnished for any building or improvement on land. Section 35–11–213, Code of Alabama (1975); Section 35–11–215, Code of Alabama (1975).

An action to enforce the lien must be commenced within six (6) months after the maturity of the indebtedness. Section 35–11–221, Code of Alabama (1975).

■ If rights are acquired in the land subsequent to the delivery of materials thereto and/or the making of improvements thereon, such rights are subordinate to the rights of the materialman. Section 35–11–221, Code of Alabama (1975); *Grimsley v. First Av. Coal & Lumber Co.*, 217 Ala. 159, 115 So. 90 (1927); *See: Gamble's, Inc. v. Kansas City Title Ins. Co.*, 283 Ala. 409, 217 So.2d 923 (1969).

■ The Trustee, under Section 546(b) stands in no better position than an entity which acquires rights in the property subsequent to the delivery of materials to the land but prior to the date of final perfection.

In this case Bayou delivered cement to the debtors' land, the last delivery having been made on May 7, 1980. The Statement of Lien was filed on July 24, 1980, and its Complaint against the debtors was filed October 28, 1980. Bayou fully complied with Alabama statutory requirements.

■ The materialman's lien in Alabama is not lost by a subsequent transfer of the land to which it has attached, as long as the materialman pursues his statutory rights. The materialman may proceed to perfect his lien, even after such transfer, provided the statutory time limits as outlined above are met.

■ The Trustee, under Section 546(b) of the Bankruptcy Code, may not defeat Bayou's lien. Bayou's claim is due to be allowed as filed.

## ORDER

Now, therefore, it is ORDERED, AD-JUDGED and DECREED that the Objection of the Trustee, Douglas Taylor, to the claim of Bayou Concrete Company, Inc., being Claim No. 21 herein, be, and it hereby is, OVERRULED, and said claim is allowed as a secured claim for the amount as filed.