WRIGHT, Presiding Judge.
On application for rehearing, the original opinion is withdrawn and the following opinion is substituted in lieu thereof.
This is a suit to determine priority and enforce a mechanic’s lien. Douthit entered into a contract for repairs to the residence of the Wilkses on June 24, 1982. The work was done and completed on July 9, 1982, for the amount of $7,187.11. A mechanic’s lien was perfected by filing a lien statement on September 16, 1982. Suit was brought for enforcement on November 16, 1982.
At the time of commencement of work, there were two prior mortgages on the property. The Wilkses purchased the property in 1970, assuming a prior mortgage and executing a second mortgage to one Aldridge. Subsequent to the performance of the repairs, Aldridge foreclosed his mortgage on August 16, 1982. He purchased at the foreclosure sale and sold to the Morgans on September 14, 1982. The Morgans executed a mortgage to Central Bank on September 17, 1982.
The mechanic’s lien is a creature of statute. Section 35-11-210, Code of Alabama 1975. As pertinent here, the statute provides:
“Every mechanic ... who shall do any work, or labor upon ... any building ... under any contract with the owner thereof, ... upon complying with the provisions of this division, shall have a lien therefor on such building ... and on the land on which the same is situated, to the extent in ownership of all the right, title and interest therein of the owner....”
The Wilkses, though mortgagors and owners only of an equity of redemption in the property, could nevertheless, while in possession, contract for improvements or repairs to the property. Bain v. Mazel, 275 Ala. 531, 156 So.2d 624 (1963); Sorsby v. Woodlawn Lumber Co., 202 Ala. 566, 81 So. 68 (1919). However, it is evident from the words of the statute, that the lien and the rights of the lienholder are limited to the extent of the right, title and interest of the owner with whom he contracted. Sta- *546 ley v. Woodruff, 257 Ala. 571, 60 So.2d 384 (1952); City Realty & Mortgage Co. v. Tallapoosa Lumber Co., 231 Ala. 238, 164 So. 55 (1935).
Therefore, in view of the undisputed fact that Douthit complied with the statute, he perfected a lien against the property upon which he effected repairs. The lien attached as of the commencement of the work. Lily Flagg Building Supply Co. v. J.M. Medlin & Co., 285 Ala. 402, 232 So.2d 643 (1970). However, it must be remembered that the lien extended only to the right, title and interest in the property of the Wilkses as of June 24, 1982. We have said such interest was as a mortgagor — thus it consisted only of an equity of redemption. Trauner v. Lowrey, 369 So.2d 531 (Ala.1979). That equity of redemption was extinguished by the subsequent foreclosure of the Aldridge mortgage, leaving to the Wilkses a statutory right of redemption as of August 16, 1982. § 6-5-230, Code 1975; Vines v. Wilcutt, 212 Ala. 150, 102 So. 29 (1924). Therefore, at the time of perfection of his lien, there remained only a statutory right of redemption available to Douthit to attach his lien. Vines v. Wil-cutt, supra.
We must now determine the priority of the lien in relation to the interest of the Morgans and of Central Bank.
Section 35-11-211, Code of Alabama 1975, establishes priority of a mechanic’s and materialman’s lien as to other liens and mortgages. As pertinent to this case, it provides as follows: “Such lien as to the land and buildings thereon..., shall have priority over all other liens, mortgages or encumbrances created subsequent to the commencement of work on the buildings or improvement....”
The trial court determined that the Morgans’ purchase of the interest of Aldridge, after foreclosure and sale under the prior mortgage of Aldridge, was an innocent purchase without notice. There is no priority of a mechanic’s lien over a subsequent purchaser without notice. Guaranty Pest Control, Inc. v. Commercial Investment and Development Corp., 288 Ala. 604, 264 So.2d 163 (1972); Martin v. Clarke, 154 Ala. 425, 46 So. 232 (1908). The evidence of the Morgans’ executed contract of sale, the payment of a substantial part of the total purchase price, the delivery of a deed to the property and the entering into possession prior to actual or constructive notice of the lien, was sufficient to support the finding of priority of the purchase. The subsequent payment of the remaining part of the purchase price after the execution and substantial performance of the contract of sale does not prevent the finding of an innocent purchaser. We find no error in the finding of priority of the Morgans.
The priority of the mortgage from the Morgans to Central Bank, however, is not as readily resolved. The lien statement of Douthit was filed on September 16,1982. The mortgage was executed on September 17, 1982 and not recorded until September 20, 1982. By the terms of the statute, Douthit’s lien would appear to have priority oyer Central Bank’s mortgage, an encumbrance created subsequent to the perfection and filing of the mechanic’s lien. Gamble’s Inc. v. Kansas City Title Insurance Co., 283 Ala. 409, 217 So.2d 923 (1969); Schwab v. Estes Lumber Co., 225 Ala. 452, 143 So. 829 (1932). Clearly the intent behind the legislature’s passage of § 35-11-211, Code of Alabama 1975 was to afford reasonable protection to a lienholder.
Yet, to give full effect to the statute disallowing Central Bank to take an unencumbered interest from the Morgans. because it had constructive notice of the lien conflicts with and impairs a long, observed rule that bona fide purchasers without notice take a whole and unencumbered property interest which can be conveyed.
“It is a general rule that a remote purchaser of real estate whose purchase does not fulfill all the requisites for protection due a bona fide purchaser may nevertheless be accorded protection because of his purchase from one who is entitled thereto. The purpose of this *547 rule is to prevent a stagnation of property and to protect the first purchaser, who, being entitled to hold and enjoy, must be equally entitled to sell. Otherwise, a bona fide purchaser might be prevented from selling his property for full value. In other words, the vendee of the bona fide purchaser is not favored on his own account, but for the sake of him from whom he purchased. It is wholly immaterial of what nature the outstanding material is, whether it is a lien or encumbrance, or a trust or any other claim.” (Emphasis supplied.)
77 Am.Jur.2d, Vendor & Purchaser, § 718 (1975).
Alabama adopted the general premise expressed above in Barron v. Hughes, 202 Ala. 207, 209, 80 So.2d 29, 31 (1918) when the court wrote,
“As to whether or not respondent had notice of any equitable claim on the part of the complainant, the evidence is in sharp conflict. But, whether he had such notice or not, if Reid, his vendor was protected as a bona fide purchaser for value, without notice, the respondent would be entitled to interpose that defense.”
Though the facts differ, the reasoning of the court in Jefferson County v. Mosley, 284 Ala. 593, 226 So.2d 652 (1969), is apposite to the present case. In Mosley the court reasoned that “[I]f Mosley was an innocent purchaser for value without notice of his grantor’s right-of-way deed to Jefferson County, the title which he had conveyed to the Peoples and the Selfs would pass to them unaffected even by any notice which they themselves might have had.” Id., at 598, 655-56. The court in Mosley further noted that,
“[I]f a second purchaser with notice acquires title from a first purchaser who was without notice and bona fide, he succeeds to all the rights of his immediate grantor. In fact, when the land thus comes, freed from equities, unto the hands of a bona fide purchaser, he obtains a complete jus disponendi ... and may transfer perfect title....”
3 Pomeroy’s Equity Jurisprudence, 5th ed. § 7542.
From the preceding language it appears the law favors the free alienability of property interests in preserving the rule regarding bona fide purchasers without notice which ensures his ability to receive and convey a whole and unencumbered property interest even though a subsequent purchaser may have notice of an encumbrance on the property.
Thus, at the time the Morgans received their title, it was free of the lien of Douthit and was transferrable as such to the bank even though Central Bank’s mortgage from the Morgans was not subject to Douthit’s lien. The decision of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.